## ATLANTA, KNOXVILLE AND NORTHERN RAILWAY COMPANY *v.* DURHAM.

1. The principle announced in *Bowen* v. *Gainesville, Jefferson & Southern R. R. Co.*, 95 *Ga.* 688, is applicable to the facts of this case. Consequently, there was no error in charging the jury in the exact language of the headnote in that case.

2. Relatively to a person who is traveling, in a vehicle drawn by a horse, upon a public road which crosses a railroad-track, the railroad company owes the duty of complying with the statute in reference to blowing the whistle and checking the speed of a train approaching a public crossing, if such person is, at the time that the train arrives within four hundred yards of such crossing, approaching with intent to cross, crossing over, or leaving the crossing; and if the railroad company fails to comply with either of these requirements of the statute and the horse takes fright at the approaching or passing train, and thereby injury, which could not have been avoided by ordinary diligence on the part of the occupant of the vehicle is occasioned, and this injury is the proximate result of such negligence on the part of the railroad company, such person has a right of action against the railroad company for the damages sustained.

3. Though a charge of the court in reference to the relative strength of positive as compared with negative testimony may be in some respects erroneous, yet if it appears from the evidence in the case that the testimony claimed by the plaintiff in error to be negative is, when considered as a whole, really positive, the judgment of the court below will not be reversed because of the erroneous instruction.

4. The court did not err in overruling the motion for a nonsuit, and the verdict rendered was not excessive.

Argued June 14, — Decided July 28, 1899.

Action for damages. Before Judge Gober. Cherokee superior court. September term, 1898.

Mrs. Durham was thrown from a buggy and hurt in consequence of the sudden jumping of the horse by which it was drawn, upon the passing of a train immediately after the buggy had crossed over the railroad on a public crossing; and for the injuries thus sustained she brought this action, alleging that the jumping of the horse was caused by his being frightened by the train, and that the train was running at a negligent rate of speed, and without compliance on the part of the defendant with the law as to the checking of speed or the giving of signals. She obtained a verdict for $500. The defendant made a motion for a new trial, to the overruling of which it excepted.

*Alexander & Victor Smith*, for plaintiff in error.
*Mozley & Griffin*, contra.

FISH, J. 1. A careful reading of the record now before us discloses that the principle announced in *Bowen v. Gainesville, Jefferson & Southern R. R. Co.*, 95 *Ga.* 688, was directly applicable to the facts brought out on the trial of the case under review; and it follows, of course, that no error was committed in charging the jury in the exact language of the headnote prepared by this court in that case.

2. It was there expressly ruled that, "Relatively to a traveler on a public road, driving an animal attached to a vehicle and approaching a railroad-crossing over which he is about to pass, the railroad company is under a duty to obey the requirements" imposed upon it by statute with reference to blowing the whistle and checking the speed of a train when approaching a public crossing; "and if, by reason of a failure to

observe this duty, the locomotive comes within such close proximity to the animal that it takes fright, runs away, and injury results to the person in consequence of being thrown from the vehicle, the company is liable for such injury, although there was no actual contact between the locomotive and the vehicle or its occupant." As a matter of course, one complaining of an injury received under such circumstances would not be entitled to recover, if, by the exercise of ordinary diligence on his part he could have avoided the consequences of the company's negligence in the respect indicated. In the present case, 'the trial judge fully and correctly charged the jury to the effect that, unless they believed the company's neglect to observe its duty in the premises was "the proximate, predominating cause of any injury that occurred," a finding in favor of the plaintiff would not be warranted.

3. In attempting to define to the jury the distinction to be drawn between positive and negative testimony, his honor gave to them an instruction which, possibly, is open to the criticism thereon suggested by the plaintiff in error, that the jury may have been thereby led to infer "that positive and negative testimony have the same weight, where the witnesses who deliver the negative testimony have opportunities for knowing the facts equal to those of the witnesses who deliver the positive testimony." Be this as it may, however, the error, if any, thus committed did not operate to the prejudice of the company; for it affirmatively appears that the testimony which its counsel contended in the court below, and insisted here, was merely negative should, when considered as a whole and given a fair and reasonable construction, properly be regarded as really positive in its nature, and, therefore, as being in direct conflict with other testimony of like character adduced as to the same matter.

4. We have duly considered the further complaint that the court below erred in not granting a nonsuit, but can not agree with counsel for the plaintiff in error as to the merits of this contention. Nor are we prepared to hold that the verdict for $500 which the jury returned is open to attack on the ground that it is excessive.

*Judgment affirmed. All the Justices concurring.*