GEORGIA, CAROLINA AND NORTHERN RAILWAY COMPANY *et al. v.* MATHEWS.

Where a traveler is killed upon a public crossing by a railroad-train, and the defendant company admits that at the time of the homicide it was disobeying the provisions of the Civil Code, § 2222, designed to protect life and property upon such crossings, its only contention being that the verdict in favor of the widow (which is the second verdict in her favor and is for a good deal less than a full verdict could have been under the mortuary tables) is contrary to the evidence, in that the deceased failed to exercise ordinary care and diligence to avoid the consequences of the railroad company's negligence, and the evidence does not require a finding that there was such failure after it became apparent that the provisions of the code section above mentioned were being disobeyed, this court will not control the discretion of the trial judge, and must therefore affirm his judgment denying a new trial.

Argued October 7, — Decided October 30, 1902.

Action for damages. Before Judge Russell. Gwinnett superior court. August 2, 1902.

*Erwin & Brown, T. M. Peeples,* and *N. L. Hutchins Jr.,* for plaintiff in error. *Juhan & McDonald,* contra.

ADAMS, J. The plaintiff in the court below obtained a verdict against the railroad company for the sum of $2,850, for the homicide of her husband, which occurred at a public crossing while he was in the act of driving across the railroad-track. This is the second verdict in her favor. The deceased was a very young man, about twenty years of age, and the verdict rendered was a good deal less than a full recovery would have justified. The railroad company complains that the presiding judge ought to have set aside

this verdict on the ground that the deceased was guilty of such a lack of care and diligence as precluded a recovery, notwithstanding the fact that at the time of the homicide the company was violating in several respects the provisions of section 2222 of the Civil Code, which section is designed to protect life and property on public crossings against injuries from railroad trains.

In the light of the principle recognized by this court in the case of *Comer* v. *Barfield*, 102 *Ga.* 485, and subsequently followed, we are not prepared to say that the judge of the court below so abused the discretion reposed in him by the law, in refusing to set aside this the second verdict, as will justify this court in overruling this discretion and sending the case back for another hearing ; or, in other words, that the evidence in the case required a finding that after the failure of the railroad company to observe the provisions of this section became apparent, the decedent then failed to exercise ordinary care in endeavoring to escape the consequences of the company's negligence. If, in our opinion, the evidence required a finding that the decedent knew of the approach of the train, or heard the witness who gave him warning, then a reversal of the judgment would necessarily follow. But we are not prepared to say this with the confidence that we think we ought to entertain before requiring a third trial of this case. The witness who claims to have given warning to the decedent of the approach of the train admits that, because of the noise made by the rattling of the wagon driven by the decedent, he was not prepared to say that the decedent heard him. No sound was made or language used which demonstrates that the warning was heard. The testimony is that the decedent shook his head, and this is consistent with the theory that the warning was not heard. There was evidence before the jury of obstructions to the view, which might have led them to believe that the decedent did not see or hear the approaching train (which was out of schedule time and approached the crossing very rapidly) in time to avoid the catastrophe.

As we understand the law, a discretion to grant or refuse a new trial when the motion is based upon the general grounds is vested in the presiding judge ; and when this court overrules that discretion and grants a new trial notwithstanding his approval of the verdict, it is upon the view that he has not properly exercised his

discretion, because the verdict rendered is an illegal verdict in that it is not warranted by the evidence.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent.*