## 701. CHARLESTON AND WESTERN CAROLINA RAILWAY COMPANY *v.* CAMP.

1. Negligent conduct of the defendant, if a part of the res gestæ of the transaction in which the plaintiff is injured, though not the proximate cause thereof, may be alleged and proved in connection with the negligent acts of the defendant through which the injury did directly occur.
2. If a railway train approaches a public crossing without giving signals and without checking its speed in accordance with the statute, the company may be held liable for an injury to a mule which, while being led across the track at the crossing, becomes frightened at the train, balks, jerks loose, and is run over a few feet below the crossing.
3. It not appearing that the plaintiff's attempt to take the mule across the track ahead of the train was, under the circumstances, as a matter of law, so negligent as to amount to a failure to exercise ordinary care, the court did not err in overruling the demurrer to the petition.

Action for damages, from city court of Richmond county—Judge Eve. July 3, 1907.

Submitted November 26,—Decided December 9, 1907.

*William K. Miller,* for plaintiff in error.

*F. W. Capers, T. S. Lyons,* contra.

POWELL, J. The plaintiff alleged that he arrived with his team at a public crossing on the defendant's railroad. He found the crossing blocked by a freight-train; after waiting about fifteen minutes he went to the front of the train, seeking the cause, and found the train crew asleep on the engine; he awakened them, and after some time they made an opening in the train. After being thus delayed for an hour, the plaintiff started to drive on and across the tracks, when another freight-train approached the crossing at a high speed, and without checking in obedience to the crossing law. The plaintiff had a mule tied behind his wagon. The rapid approach of the train caused this mule to balk on the crossing, break loose and start down the track, where about thirty feet below the crossing he was overtaken by the engine and killed. The defendant filed a demurrer. which the court overruled, and it brings error.

1. The first point insisted on is that since the negligence in blocking the crossing was not the proximate cause of the injury, the allegations in regard thereto should have been stricken. These acts were so closely connected with the injury as to be relevant as part of the res gestæ; just as a violation of the blow-post law is admissible although the injury does not occur at a crossing but so near thereto as to make such violation an evidentiary circumstance. *Bullard* v. *Southern Ry. Co.*, 116 *Ga.* 644 (43 S. E. 39); *Atlanta & Charlotte Air-Line Ry. Co.* v. *Gravitt*, 93 *Ga.* 409 (20 S. E. 550, 26 L. R. A. 553, 44 Am. St. R. 145).

2. The further point is that there is no allegation that the noise made by the train was unusual and unnecessary. While the rule is often stated in general terms, that railway companies are not responsible for the fright of animals on account of noises usual and necessary in running the train, yet this does not mean that, because it is usual for them to violate the crossing law and necessary for them to make the attendant noise to maintain the rate of speed at which they may be unlawfully accustomed to run at such places, a recovery can not be had in cases such as here alleged. In approaching the crossing, those in charge of the train were under the absolute duty to have it so checked and under such control that it could be stopped if any person or animal happened to be upon the crossing. If they had had the train under this degree of control, the plaintiff's mule would not have been injured, though

it became frightened at the normal noise of the train. In this view the unlawful speed, and not the noise, would be the proximate cause of the injury. *A., K. & N. Ry. Co.* v. *Durham,* 108 *Ga.* 547 (34 S. E. 332); *Bowen* v. *G., J. & S. R. Co.,* 95 *Ga.* 688 (22 S. E. 695).

3. It is also contended that the plaintiff's contributory negligence prevents a recovery. The cases of *Thomas* v. *Central Ry. Co.,* 121 *Ga.* 38 (48 S. E. 683), and *Harris* v. *Southern Ry. Co.,* 129 *Ga.* 388 (58 S. E. 873), are cited. In those cases, the plaintiff, misjudging the speed of the train, in gross imprudence stepped immediately in front of the engine, and a recovery was properly denied. The circumstances here are different. So far as the record shows, the plaintiff had time enough to cross; indeed, we presume he did cross in safety, as there was no allegation of injury to himself, to the team he was driving, or to the vehicle. The balking of the mule, through fright at the approach of the train, is, so far as the record shows, all that kept it from going across before the train arrived. Under these circumstances we can not adjudge, as a matter of law, that the plaintiff was guilty of such contributory negligence as to preclude a recovery. If the jury find that the plaintiff, in the exercise of ordinary care, should have anticipated the balking of the mule, or that he was in any wise negligent, but in a less degree, in attempting to take it across the track at that time, the defendant would be entitled to a verdict in the one case, and to a diminution of the damages in the other. Civil Code, §§2322, 3830; *G. C. & N. Ry. Co.* v. *Mathews,* 116 *Ga.* 424 (42 S. E. 771); *Comer* v. *Barfield,* 102 *Ga.* 485, 489 (31 S. E. 89). See also *M. & W. R. Co.* v. *Winn,* 26 *Ga.* 250, 253, 255.                    *Judgment affirmed.*