# CASES

# COURT OF APPEALS OF GEORGIA

## MARCH TERM, 1909.

---

### 1278. CENTRAL OF GEORGIA RAILWAY CO. *v.* WILLIAMS.

The negligence of a railway company in approaching a public crossing created a necessity for immediate action by one driving a mule to a buggy and leading another, who, to avoid impending danger to himself and his property from the negligence of the railway company, endeavored to cross the track at the crossing, ahead of the rapidly approaching train. *Held*, that, in the emergency thus suddenly presented, it was for the jury to determine, under all the circumstances, whether the endeavor to cross ahead of the train amounted to a failure to exercise ordinary care.

Appeal, from Morgan superior court—Judge Lewis. May 22, 1908.

Argued October 28, 1908.—Decided March 16, 1909.

*N. E. & W. A. Harris, Pope S. Hill, Percy Middlebrooks,* for plaintiff in error. *M. C. Few,* contra.

HILL, C. J. This was a suit to recover $200, the value of a mule killed at a public crossing by the running of defendant's cars. The jury found a verdict for the plaintiff, for $175, and the defendant's motion for a new trial was overruled. Plaintiff's evidence shows that he was approaching a crossing, driving a mule to a buggy, and leading the mule that was killed. He did not hear the engine blow or the bell ring, and was prevented by an intervening box-car on the side-track from seeing the train coming from around the curve, until it was within about thirty steps from the crossing and he was within about five steps of the crossing.

771

When he first saw the train it was running, in his opinion, about twenty miles per hour. Both mules were frightened at the running of trains. In the emergency thus presented to him, he thought he could beat the train across the track, and endeavored to do so. He succeeded in getting the mule that he was driving, and the buggy, across, but the mule that he was leading jerked loose from him, and, frightened at the train, ran down the track and was struck and killed by the engine.

We can not say, as a matter of law, that the effort of the plaintiff to get across ahead of the train, in the situation in which he suddenly found himself, was so negligent as to amount to a failure to exercise ordinary care. Whether it was or not, under the exigency of the occasion and the circumstances, was peculiarly a question for the decision of the jury. The negligence of the agents of the company in charge of the train, in approaching the crossing without obeying the mandates of the statute, created an emergency, and made it necessary for the plaintiff to decide quickly what, under the circumstances, in his judgment, was best to be done to avoid impending injury to himself and his property. It would seem to be unjust to hold that, having thus created a necessity for prompt action, the railway company should be allowed to take advantage of its own wrong, even if the plaintiff had been guilty of some degree of negligence in adopting the means that he did, to avoid the consequences of the negligence of the railway company. The value of the mule killed was indisputably shown to be $200, and the jury may have concluded that the plaintiff was guilty of some less degree of negligence than that of the defendant, and for that reason diminished the judgment to the extent of $25. We think the law which controls this case, under the facts, is clearly within the principle announced by this court in *Charleston Ry. Co.* v. *Camp,* 3 *Ga. App.* 232 (59 S. E. 710) ; and that the cases of *Thomas* v. *Central Railway Co.,* 121 *Ga.* 38 (48 S. E. 683), and *Harris* v. *Southern Ry. Co.,* 129 *Ga.* 388 (58 S. E. 873), relied upon by the plaintiff in error, are easily distinguished, on the facts, from the instant case. In the two former cases the parties injured were walking, and, miscalculating the speed of the train, stepped immediately in front of the engine. It is difficult to understand how the rapid approach of a train could present to a pedestrian an emergency which would justify him in stepping

immediately in front of the engine. He could stand still without fear of consequences. Not so in the case of a man driving one mule and leading another, both of which were frightened at the approach of trains, and were in such close proximity to a rapidly approaching train as made it necessary for him to act, and act quickly, in order to avoid the probable danger which he reasonably feared would result from the fright of his mules.

*Judgment affirmed.*