## GEORGIA SOUTHERN AND FLORIDA RAILWAY COMPANY v. SHOBE.

1. There being evidence tending to show that the plaintiff, while driving a horse attached to a buggy, in approaching a public crossing with the intent to cross the same, was injured by the horse becoming frightened on account of the train being run in violation of the crossing law, and its sudden and rapid rush from behind some freight-cars left by the company on a siding near the crossing, which obstructed the view of the track in the direction whence the train was coming, it was not erroneous to charge the principle contained in the Civil Code (1910), § 2780, to the effect that a railroad company shall be liable for any damage done to persons by the running of the locomotives or cars of the company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company.

2. The charge of the court on the subject of the crossing law, as contained in the Civil Code (1910), § 2675, was in substantial accord with the provisions of that section.

3. Relatively to a traveler on a public road, driving an animal attached to a vehicle, and approaching a railroad crossing over which he is about to pass, the railroad company is under a duty to obey the requirements of the Civil Code (1910), § 2675; and if, by reason of a failure to observe this duty, the locomotive comes within such close proximity to the animal that it takes fright, runs away, and injury results to the person in consequence of being thrown from the vehicle, the company is liable for such injury, although there be no actual contact between the locomotive and the vehicle or its occupant.

4. There is no merit in the other assignments of error, and the verdict was authorized by the evidence.

NOVEMBER 13, 1914. REHEARING DENIED DECEMBER 18, 1914.

Action for damages. Before Judge George. Crisp superior court. December 16, 1913.

*J. E. Hall, J. T. Hill,* and *C. J. Bloch,* for plaintiff in error.
*Mather M. Eakes,* contra.

EVANS, P. J. Mrs. C. B. Shobe brought suit against the Georgia Southern and Florida Railway Company, to recover damages for alleged personal injuries. The petition alleged substantially the following: Fourteenth Avenue and Eighth Street, in the city of Cordele, cross each other at right angles. At their intersection they are crossed by the defendant's railroad tracks. The intersection of these two streets is much traveled by the public of Cordele and the surrounding country. The defendant company maintains no flagman, gate, electric bell, or other means of warning to persons of approaching trains. On the day of the injury the plaintiff was

traveling, with two companions, in a buggy along Eighth street, approaching the crossing, with the intention of crossing over the track at this point. On a siding near the main line, and on the side from which she was approaching, there had been stationed several freight-cars, completely obstructing her view to the south. Just as she was about to enter upon the crossing, a train of the defendant company, running at a high rate of speed, and without notice or warning, dashed from behind the freight-cars on the siding, in front of plaintiff's horse, causing the horse to become frightened and to run with the buggy for a distance of about a hundred feet, throwing her from the buggy and injuring her in a manner set out. The defendant company was charged with negligence in not tolling its bell, and in not checking and continuing to check its train on the approach to the crossing; in so placing freight-cars on the siding as to obstruct the view of persons approaching the crossing, as well as that of the engineer in charge of the train; in failing to maintain at the public crossing, much frequented by the general public for travel and commerce, a flagman, gate, electric bell, or other signal to warn the plaintiff and the public, when approaching the crossing, of the approach of trains, and in allowing the train which injured her to approach the crossing at the high and dangerous rate of speed of twenty miles per hour. The jury returned a verdict for the plaintiff; and the defendant's motion for a new trial was overruled.

1. There was evidence to authorize a finding that the plaintiff, while driving a horse attached to a buggy on a public street, and while approaching a railroad crossing with intent to cross the same, was injured by the horse becoming frightened on account of the train being run in violation of the crossing law, and its sudden and rapid rush from behind some freight-cars left by the company on a siding, which obstructed the view of the track in the direction whence the train was coming. The court charged, in appropriate connection, the code section which declares that a railroad company shall be liable for damages done to persons by the running of locomotives or cars, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company. Civil Code (1910), § 2780. Exception is taken to the giving of this code section in charge to the jury, on the ground that it is inappli-

cable to a case where a person claims to be injured by a horse fright-
ened by the running of the locomotives and cars of the railroad
company.  The soundness of this contention is dependent upon the
question whether the running of the cars was the proximate cause
of the plaintiff's injury.  In other words, if the plaintiff sustained
injury caused by the running of the cars of the railroad company,
the statute in terms applies.  A railroad company which so negli-
gently operates its locomotives and cars as to frighten the horse of
a traveler upon a public highway puts in motion the agency which
produces the injury, and will be liable for the results sustained by
force of such agency, where no intervening factor interferes so as
to relieve the company of the consequences of its negligent act.
Under the evidence the jury was authorized to infer that the plain-
tiff's injury was the result of a force put in motion by the running
of the cars and locomotive of the defendant company; and the prin-
ciple contained in the code section was applicable to the case, and
was properly given in charge to the jury.  Counsel for the plaintiff
in error cite the case of *Atlanta Railway & Power Co.* v. *Johnson,*
120 *Ga.* 908 (48 S. E. 389), as opposed to this view.  The case be-
fore the court, as stated in the fifth headnote, was as follows: "The
plaintiff's buggy was run into by a frightened horse drawing an-
other buggy, and she was injured.  A car of the defendant was pass-
ing at the time.  She did not allege in her petition that the fright
of the horse was originally caused by any act of the defendant, or
that the car was running too fast or with any unusual or unlawful
noise; but merely that, after seeing the frightened condition of the
horse, the motorman failed to stop his car, thereby aggravating the
fright of the horse and causing him to run away.  *Held:* No pre-
sumption of negligence arose against the defendant upon proof of
the injury, but it was incumbent upon the plaintiff to prove negli-
gence as alleged.  It was therefore error to give in charge to the
jury the provisions of the Civil Code, § 2321" (Civil Code of 1910,
§ 2780).  It will appear from the foregoing statement of the rul-
ing of the court that the plaintiff in that case did not contend that
she was injured by the running of the car.  Nor did the petition
disclose what she claimed to have been the original cause of the
fright of the horse that ran into her buggy.  Nor was it alleged that
the car was running at a high rate of speed, or that any unnecessary
or unusual noise was made by its running.  The only claim of neg-

ligence was that the car was not run in such a way as to minimize an imminent danger, which was apparent to the motorman. Clearly the facts of that case are essentially different from the one at bar, and will not serve as a precedent for the point to which it is cited.

2. Complaint is made that the court inaccurately stated the provisions of the code section relative to the requirement that the engineer of a railroad company shall be required, when he shall arrive at a post located four hundred yards from the center of the road crossing, to toll the bell of the locomotive until it arrives at the public road, and simultaneously check and keep checking the speed thereof, so as to stop in time should any person or thing be crossing the track on the road. Civil Code (1910), § 2675. The criticism is not well taken. The instruction embodied the substance of the code section, and was almost in its exact verbiage.

3. It is further contended that the crossing law is intended to protect persons actually on the crossing, or persons that would be on the crossing upon the arrival of the train at the crossing; and as the plaintiff was not actually on the crossing, she is not entitled to the protection of the statute. This question has been settled by several adjudications of this court against the contention of the plaintiff in error. *Bowen* v. *Gainesville &c. R. Co.,* 95 *Ga.* 688 (22 S. E. 695); *A., K. & N. Ry. Co.* v. *Durham,* 108 *Ga.* 547 (34 S. E. 332). The charge criticised is in accord with the ruling enunciated in the headnote of the case first cited, which we adopt as a headnote for this division of the opinion.

4. Complaint is made that the court refused certain written requests to charge the jury. In so far as the same were pertinent and applicable they were covered by the general charge. The evidence authorized the verdict, and no error of law was committed.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*