*W. W. Stark,* for plaintiff in error.

*T. S. Mell* and *Wolver M. Smith,* contra.

---

## SOUTHERN RAILWAY COMPANY v. PUGH.

ATKINSON, J. This was an action against a railroad company for damages from injury to the plaintiff and his mule, in which a verdict was rendered for the defendant. According to the allegations of the petition, the injury occurred "within a few feet" of a regular public-road crossing about one mile north of the defendant's station at Buford and outside of the town limits, about twelve o'clock in the day, but in a populous community where the presence of travelers over the crossing was to be anticipated. The crossing was at the end of a "large cut" through which there was a curve in the track. On the day of the injury the plaintiff drove his mule hitched to a buggy over the crossing. At the same time a freight-train was being operated on the railroad track. The engineer in approaching the crossing negligently failed to observe the provisions of the blow-post law (Civil Code, § 2675), and ran upon the crossing at a "high and dangerous rate of speed, viz., forty miles per hour, . . willfully . . and wantonly," and the engineer, while seeing and being aware of the plaintiff's perilous position, wilfully and maliciously and unnecessarily gave the whistle of the engine several loud and shrieking blasts while on the crossing, which caused the mule to become frightened and run away, producing the injury for which damages were sought. By amendment it was alleged that it was negligence to erect and maintain "a station blow-post" at the public crossing where the injury occurred, for the reason that it was unnecessary

and unusual, and particularly because of the location of the crossing in reference to "the cut" and the curve in the track immediately north of the crossing. The plaintiff testified, in effect, that while in his buggy, driving the mule, he had passed over the crossing before the train came in sight, had gone a distance of one hundred and ten feet to a store, and had stopped and got out and called for a hammer to fix a bolt on his buggy, when the train approached through the cut without any warning and ran over the crossing at thirty or thirty-five miles an hour, and while on the crossing the engineer gave one long blast of the whistle, causing the mule to become frightened and run away while plaintiff was holding the check-reins, which resulted in the injury. He was in plain view, but could not say that the engineer saw him. The defendant offered uncontradicted evidence to the effect that for the operation of its trains station signal-posts are located at designated distances from each station, that the signal-post at this crossing was situated at the required distance, that the blast of the whistle while on the crossing was the usual station signal, and that the engineer did not see the plaintiff when the blast was given, and the train was not making any unusual or unnecessary noise in passing over the crossing. *Held:*

1. According to the decisions of this court, relatively to a traveler on a public road at a grade crossing, driving an animal attached to a vehicle, a railroad company is under a duty to obey the requirements of the Civil Code, § 2675, as a precautionary measure to prevent injury resulting from the animal taking fright and running away, when the act of crossing is about to begin, is in progress, or has just been completed. *Bowen* v. *Gainesville &c. R. Co.,* 95 *Ga.* 688 (22 S. E. 695) ; *Atlanta &c. Ry. Co.* v. *Durham,* 108 *Ga.* 547 (34 S. E. 332) ; *Willingham* v. *Macon &c. Ry. Co.,* 113 *Ga.* 374 (38 S. E. 843).

(*a*) It follows from this construction of the statute, as announced in the cases above cited, that it has no application to a case like the present, where the driver of the vehicle had passed over the crossing, and had gone a distance of one hundred and ten feet and stopped at a store, before the train came in sight.

(*b*) The case is not controlled by the rulings announced in *Southern Ry. Co.* v. *Pope,* 129 *Ga.* 842 (60 S. E. 157), *Southern Ry. Co.* v. *Brock,* 132 *Ga.* 858 (64 S. E. 1083), and similar cases involving injuries to person and property run down by an engine on the railroad after passing the blow-post and before reaching the crossing, and not to a traveler on a highway caused by the frightening of an animal driven by him.

(*c*) Inasmuch as the defendant owed the plaintiff no duty - under the blow-post law, its duty to him with respect to the operation of its train was not different from what it would have been anywhere along the line of railroad where the highway might parallel the track at a similar distance from it. Relatively to the plaintiff, under the uncontradicted evidence as to the operation of the train and the giving of the station signal, the defendant was acting within its rights and was not negligent with respect to him.

(*d*) As the uncontradicted evidence showed affirmatively that the blow-post law was not applicable, and that the defendant was operating its train, relatively to the plaintiff, in a manner which it had a right to do, any presumption of negligence arising against the defendant under the

provisions of the Civil Code, § 2780, upon proof of injury (*Georgia So. & Fla. Ry.* v. *Shobe*, 142 *Ga.* 767, 83 S. E. 786), was successfully rebutted.

2. The verdict for the defendant was demanded by the evidence, and it was erroneous to grant a new trial on account of supposed error in charging that the provisions of the blow-post law were inapplicable.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*
APRIL 13, 1915.

Action for damages. Before Judge Brand. Gwinnett superior court. July 6, 1914.

*John J. & Roy M. Strickland, Dobbs & Wisdom,* and *D. M. Byrd,* for plaintiff in error.

*C. N. Davie* and *A. C. Wheeler,* contra.