24284. LEWIS *v.* POWELL, receiver, *et al.*

DECIDED APRIL 15, 1935.

*Oliver & Oliver,* for plaintiff.

*Anderson, Cann & Dunn,* for defendants.

GUERRY, J. Ernest Lewis brought his action for damages against the receivers of the Seaboard Air-Line Railway Company. The substantial allegations of the petition were as follows: "3. Petitioner shows that a part of the line of railway operated by said receivers passes across a paved highway, which is a public road leading from the City of Savannah to the City of Augusta, known as Augusta Road. The said Augusta Road is joined with Bay Street Extension at a point about one hundred feet west of the tracks of the Seaboard Air-Line Railway where said tracks pass over and across the said Augusta Road. The said receivers were and are engaged in the carriage of freight and passengers for hire on said railway, and by reason thereof the defendants are and were on the 16th day of November, 1933, engaged in the business of operating a common carrier. 4. Your petitioner shows that on the night of November 16th, 1933, at about 8:30 p. m. o'clock, and to the south of said paved road, and west of the tracks, within a few feet of the line of said road and said tracks, there was a large pile of scrap-iron, scrap material, and old automobiles, about ten

feet high, and adjoining the pile of scrap-iron and automobiles, and to the west thereof, was a one-story wooden house. 5. Your petitioner shows that on the night of said November 16th, 1933, about 8:30 p. m. o'clock, he was driving his Ford coupé eastwardly on the said Augusta Road and was approaching the crossing of the Seaboard Air-Line Railway Company, and was proceeding at a rate of speed of between five and ten miles per hour. Miss Iris Williams was riding in said coupé with petitioner and was seated to his right. 6. Your petitioner further shows that in the southeastern intersection of said highway and said tracks and on the edge of each, a cypress pole supports a cluster of electric bulbs at a point about fifteen feet above the highway. Said cluster of electric lights on the said pole were accustomed to burn at night and give a light over the railway crossing, but at said time and place none of said lights were burning. 7. Your petitioner further shows that the obstruction of the house and the pile of scrap material to the right of the road as the automobile approached the crossing effectively blocked all view of an engine and freight-cars which were approaching toward said crossing from the right or south side of said Augusta Road. No bell was rung, whistle blown, or other warning was given at said time of the approach of said engine and freight-cars toward said crossing, and, with none of the cluster of lights burning, your petitioner and Miss Iris Williams, while riding in said automobile, were unable to see, hear, or receive any other warning whatever of the slow approach of the engine and cars, with the result that the front of the engine came on to the paved highway when the automobile was about ten to fifteen feet west of the tracks. 8. Petitioner shows that when he saw the front of the approaching engine, he immediately applied his brakes and did everything in his power to prevent his automobile from reaching the tracks, on which the engine was crossing the Augusta Road, but was unable to do so, and the front and right side of the Ford coupé struck in front of the cab steps of the engine." (Paragraphs 9, 10, and 11 set forth and describe injuries sustained by the plaintiff.) "12. Petitioner further shows that at and before the time said injuries were inflicted upon him, he was not accustomed to the driving of an automobile over and upon said Augusta Road, and he was driving his Ford automobile at the moderate rate of speed of less than ten miles per hour, and both your petitioner and

said Miss Iris Williams were exercising all reasonable and ordinary care in their efforts to see and hear the approach of any engine of said defendants toward said crossing, but because of the slow approach of said engine and cars and that no bell was rung or whistle blown, neither of them was able to hear the approach of the engine until too late to avoid the collision, and your petitioner was free from fault. 13. Said defendant receivers knew that said road crossing was a public crossing, was largely traveled by the public at night, generally, and that persons in automobiles were likely to be upon and passing over said crossing. Said crossing was used by said defendant receivers only a few times in each day and night, and because of the manifest danger in the use of said crossing it had been the custom of said defendant receivers theretofore to have a flagman precede the engine across said Augusta Road, for the protection of persons using said highway, but no flagman preceded the engine on this occasion. 14. Petitioner shows that the injuries which he has received, and the pain and suffering which he has endured, and still endures, are due entirely to the fault and negligence and want of care of the defendant receivers in the operation of said train, as follows, to wit: (1) Because the defendant receivers did not begin to sound the whistle of said engine at a point four hundred yards south of the public road crossing and in the manner as required by law so as to warn persons, who might be at or near or upon the public road crossing, of the approach of said engine and cars. (2) Because the defendant receivers did not sound any warning at all with bell, whistle, or other means as the engine of said train approached the public-road crossing, and thereby did not prevent a collision with the automobile of your petitioner. (3) Because the engineer in charge of the engine of said train did not have the engine thereof under proper control, so as to have avoided injury to petitioner while driving said automobile. (4) Because the engineer of said defendant receivers, while approaching said crossing, did not keep and maintain a constant and vigilant lookout ahead of the engine as required by the law of Georgia, so as to have discovered said automobile in time to have prevented injury to your petitioner. (5) Because defendant receivers permitted petitioner's view of the tracks to the south of said crossing to be obstructed with the pile of rubbish, scrap-iron, and wooden building, and also thereby

obstructed the view of the engineer of said train in keeping and maintaining a constant and vigilant lookout ahead and along its tracks and upon the public-road crossing at said point. (6) Because the said defendant receivers did not have the cluster of lights burning on the pole erected for the purpose of throwing light on said crossing at and before the time of the collision between the engine and the automobile. (7) Because the said defendant receivers did not have a flagman precede the approaching engine over and across said Augusta Road, in order that the public might have warning of the approaching engine and freight cars."

We are of the opinion, in view of the fact that the front of the train did not strike the plaintiff, but that he drove his car into the side of the engine at or about the steps of the cab of the engine, that the allegations of negligence in respect to having the train under proper control in approaching the crossing and keeping and maintaining a vigilant lookout by the engineer did not show violations of duty which contributed to the injury complained of. Maintaining a proper lookout ahead on the tracks would not have shown anything on the crossing, as the front of the engine passed before the car which was coming from the side struck it. Having the train under control, under the facts as pleaded, was also a ground of negligence which did not contribute to the accident. If it had been alleged that the train crew saw or should have seen the car approaching, and recognized the fact that it would probably strike the train, such a breach of duty might have been a contributing cause to the accident. It is expressly alleged that the driver could not see the train, and, if so, it would seem to be equally clear that the train crew (nothing being alleged to show the contrary) could not have seen the approaching automobile. The allegations as to the pile of rubbish and the house do not show such acts of negligence as would be sufficient of themselves to bind the railway company. It is not shown that the railway company owned or had control of either the rubbish pile or the house. The inference is to the contrary. It might, however, be a circumstance to show the nature of the crossing with respect to the extent of diligence required. The allegation with respect to the lights on the pole are in the same class. There is no allegation that the railway company maintained these lights or was under a duty so to do, and the fact of their not being lighted on this occasion is

not necessarily an act of negligence on the part of the company under the facts as pleaded in this case. The only allegation of negligence which gives us pause is, that the railway company failed to ring a bell or sound a whistle, or give any warning of its approach. Did this alleged violation of the statute which requires such warning to be given (Civil Code of 1910, § 2677 (2)) so violate the railway company's duty to the plaintiff in the circumstances as alleged, as to cause him to be unable to avoid the consequences of the defendant's negligence. The Supreme Court in *Atlanta, Knoxville & Northern Ry. Co.* v. *Durham,* 108 *Ga.* 547 (34 S. E. 332), said: "Relatively to a person who is traveling in a vehicle drawn by a horse, upon a public road which crosses a railroad-track, the railroad company owes the duty of complying with the statute in reference to blowing the whistle and checking the speed of a train approaching a public crossing, . . and if the railroad company fails to comply with either of these requirements of the statute and the horse takes fright at the approaching or passing train, and thereby injury which could not have been avoided by ordinary diligence on the part of the occupant of the vehicle is occasioned, and this injury is the proximate result of such negligence on the part of the railroad company, such person has a right of action against the railroad company for the damages sustained." See also *Bowen* v. *Gainesville, Jefferson & Southern R. Co.,* 95 *Ga.* 688 (22 S. E. 695); *Ga. So. & Fla. Ry. Co.* v. *Shobe,* 142 *Ga.* 767 (83 S. E. 786). It is certainly true that if the plaintiff by the use of ordinary care could have avoided the consequences of such alleged negligence on the part of the defendant he may not recover. Civil Code (1910), § 4426. The train was alleged to be approaching "slowly," and the automobile driven by plaintiff was approaching at a rate of speed less than ten miles per hour. The driver was ignorant of the fact that there was a railroad crossing. The defendants had notice of the fact. The driver of the car, under the allegations of the petition, was in the exercise of due care in making such approach to the crossing, although he was ignorant of its existence. The defendants are alleged to have failed to comply with a statute requiring them to give warning. Such a statute, as was said in the *Shobe* case, supra, "would protect persons actually on the crossing and those who would be on the crossing upon the arrival of the train." As was

held in the *Bowen* case, supra, the injury did not occur by the train of the defendant striking the plaintiff, but its unheralded approach "scared his mule," and thus caused the damage; and the failure of the defendant in that case to obey the statute was such negligence as prevented the plaintiff from taking proper precautions to avoid scaring his mule. In the present case the plaintiff alleges that he was ignorant of the approach of the train and the defendant failed to warn him as required by statute of its approach; that "when he saw the front of the approaching train he immediately applied his brakes and did everything in his power to prevent his automobile from reaching the tracks on which the engine was crossing the Augusta Road, but was unable to do so, and the front and right side of his Ford coupé struck in front of the cab steps of the engine." We are unwilling to say that these circumstances are sufficient for us to hold, as a matter of law, that the plaintiff, could by the exercise of ordinary care have avoided the collision. "The duty imposed by law upon all persons to exercise ordinary care to avoid the consequences of another's negligence does not arise until the negligence of such other is existing or is apparent, or the circumstances are such that an ordinarily prudent person would have reason to apprehend its existence. In such cases, and such cases only, does the failure to exercise ordinary care to escape the consequences of another's negligence entirely defeat a recovery." *Atlanta, Knoxville & Northern Ry. Co.* v. *Gardner,* 122 *Ga.* 82, 89 (49 S. E. 818). Ordinarily, questions of negligence and diligence are matters for the determination of the jury. It has been held too often to need any further citation of authorities that questions as to diligence and negligence are questions peculiarly for the jury, and the court will decline to solve them except in plain and indisputable cases. If the alleged failure on the part of the defendants in this case was such negligence as prevented the plaintiff from receiving notice or warning of the approach of the train, and after the danger became apparent the plaintiff could not by the use of ordinary care have prevented the injury to himself, he would be entitled to recover. This case presents a different situation from those in which a crossing is blocked by a stationary train, and in which there are no conditions which prevent a driver of an automobile from seeing the train on the crossing. It is not negligence for a train to cross a public road

traveled by other vehicles. It is negligence for the railroad company to fail to give warning of the approach of the train to persons traveling on such road, so that they may take precautions to protect themselves. A failure so to do, where injury results therefrom, has been held many times by our courts to give rise to a cause of action. Whether in this case, by the use of ordinary care, a collision could have been avoided by the driver of a car driven at a rate of speed less than ten miles per hour, and a train which gave no warning but was approaching the crossing slowly, is a question for the jury. We think, for the reasons set out, that the court erred in sustaining the demurrer and dismissing the petition.

*Judgment reversed. MacIntyre, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. In my opinion, the petition, properly construed (most strongly against the plaintiff), clearly shows that the plaintiff, by the exercise of ordinary care, could have avoided being injured. It follows that the general demurrer to the petition was properly sustained.