26663. POLLARD, receiver, *v.* ROBERSON.

Decided February 5, 1938. Rehearing denied March 23, 1938.

*John L. Tison, Maddox, Matthews & Owens,* for plaintiff in error. *Arnold, Gambrell & Arnold, J. B. Edwards,* contra.

Felton, J. This was an action for damages for personal injuries. The allegations of the petition as amended are substantially as follows: (1) On December 30, 1930, at 6 a. m., plaintiff was a guest in a car being driven along East Avenue in Cedartown and which was approaching the Central of Georgia Railway crossing. (2) There are ten tracks over the grade crossing upon which the collision occurred, and the collision occurred on the last track. The car was traveling as aforesaid and on the right side of the street at a speed of about ten miles per hour, going in a westerly direction, and after it had crossed nine tracks of the said railway and as it reached the western track, it collided with a freight-train moving over the crossing, the left front of the automobile coming in contact with the right side of the coal tender just at the immediate rear of the locomotive. (3) The train was traveling north at a rate of about twenty or twenty-five miles per hour. (4) The car in which plaintiff was riding had crossed nine tracks of the crossing before the locomotive of the defendant came upon the crossing on the tenth track. (5) Before the locomotive came upon the crossing it was not visible to one approaching from the direction in which the car came, and the view was obstructed by various objects and conditions described in the petition as amended, including the string of cars on the ninth track

to the left of the approaching automobile, which cars stood within seven or eight feet of the crossing. The cars, five or six in number, were between the automobile and the approaching train. There were box-cars also to the right on said side track, and cars on the right and left on the other tracks of said railway, as the car in which he was riding approached; there being four or more cars on the tracks within twenty or thirty feet of the crossing, in addition to those on the side track, and there were other standing cars scattered over the tracks on the east side of the crossing. (6) There was a coal house and chute about two hundred feet south of the crossing and between the side track and the main track on which the freight train was running, the coal house having a shed which extended over the two tracks. (7) There was a dense fog at said crossing on said morning, which fog was so heavy that it was almost a mist of rain. The smoke in that area had settled down to such an extent as to emphasize the darkness of the night. The light from the locomotive was not sufficient to attract the attention of one approaching from the east at a point more than a few yards distant from said crossing. The light was rendered unnoticeable, both by the string of box-cars on the side track just east of the track on which the train was approaching and just to the left of the approaching automobile, and was also rendered unnoticeable by denseness of the night and the fog, and was also rendered less noticeable, even on close approach, by the fact that there was a small electric street light with a flat reflector on the south side of the street at a point about thirty-three feet west of the track on which the train was approaching; said light from said train appearing so dim in the mist, with said street light as a background, as not to give the appearance of a locomotive light to one approaching from the east side. (8) The automobile was just crossing the ninth track when the locomotive of the defendant, running at a high rate of speed, first came upon the crossing on the tenth track, and at which time it first became visible to the driver of the automobile. (9) As the train approached, it did not ring any bell or blow any whistle or give any warning or signal of its approach. (10) When said locomotive came upon the crossing on the tenth track, the automobile was approximately ten to twelve feet from the tenth track. (11) The defendant was negligent in the following particulars: (a) in that said train was

operated over said crossing at a speed of twenty to twenty-five miles per hour in violation of the requirements of ordinary care; (b) in that the engineer and fireman in charge of said train failed to blow any whistle or ring any bell to warn persons of the approach of the train to said crossing as should have been done in the exercise of ordinary care, said failure to ring the bell being a violation of a statute of the State of Georgia and negligence as a matter of law; (c) in that the engineer and fireman failed to keep a proper lookout ahead as the train approached and entered upon the crossing, and failed to stop the train when they saw, or in the exercise of ordinary care should have seen, that the collision was imminent, and defendant was negligent in that said engineer and fireman failed to slow down or stop when they knew, or in the exercise of ordinary care should have known, of the collision and of the peril to the plaintiff by reason of said automobile being jammed against the side of said box-car; (d) in that its agents and servants continued to move said locomotive, after the collision, for a distance of two car-lengths, and in that said locomotive dragged said automobile for a distance of five or ten feet after the collision, continuing and increasing the damage and injury to plaintiff; (e) in that the agents and servants of the defendant in charge of said train knew of the condition of the weather on that morning, and of the danger to persons approaching said crossing, both on account of the weather and on account of the box-cars obstructing the view on each side of the crossing, and said agents and servants of the defendant in charge of said train were negligent in not having a flagman at said crossing with a lighted lantern to warn persons approaching at said time of the fact that said train was approaching. Defendant filed its general and special demurrers to the petition as amended and to the orders overruling these demurrers on each and every ground, defendant excepted.

▣ Under the rulings in the cases of *Lewis* v. *Powell,* 51 *Ga. App.* 129 (179 S. E. 865), and *Central of Georgia Railway Co.* v. *Leonard,* 49 *Ga. App.* 689, 707 (176 S. E. 137), it was not error to overrule the general demurrer to the petition. While the facts alleged in neither case are exactly similar to those in the case at bar, we think the principles announced are applicable and are controlling. While in the *Lewis* case the driver was unaware of the

crossing, the train was approaching it very slowly, and in this case the driver was aware of the crossing (in the absence of a contrary allegation) but it is alleged that the train was approaching at twenty-five miles per hour. Together with the other allegations as to lights, weather conditions, and failure to give warning, this, in our judgment, makes a case good as against general demurrer. The allegations of the petition do not show as a matter of law that the driver of the automobile was guilty of such negligence as would bar a recovery. The ruling in *Smallwood* v. *Pollard*, 54 *Ga. App.* 617 (188 S. E. 594) was not a ruling on demurrer, but simply one to the effect that the evidence authorized the inference that the injury was the result of the negligence of the operator of the automobile, unmixed with the negligence of the defendant. In this case, whether the defendant was negligent, and whether the injury was caused by the negligence of the operator of the car unmixed with any negligence of the defendant, are questions for a jury under the allegations of the petition. The crossing was in a municipality, and the driver had a right to proceed across it, under the allegations of the petition, and to rely on the defendant to do that which in the exercise of ordinary care it should have done to warn him of the approach of the train under the circumstances set forth.

■ The second ground of demurrer, that there are no averments as to the width of East Avenue, in the absence of which the situation is not properly presented, if sufficient to raise a question for decision, is without merit since sufficient facts are alleged to enable a defense to be made.

■ Ground eight of the special demurrer should have been sustained. This ground is substantially as follows: that the clause to the effect that there was negligence in that the engineer and fireman failed to keep a proper lookout ahead as said train approached and entered upon said crossing is equivocal, contradictory to the remaining averments of the petition, and is in no way pertinent or relevant in the present case, for the reason that under the averments of the petition said engine had proceeded entirely across said street, and said automobile in which the plaintiff was riding ran into the side of said train as it was over and across said street; that the clause "and failed to stop said train when they saw or in the exercise of ordinary care should have seen that a

collision was imminent" is indefinite, uncertain, equivocal, and in the disjunctive, so that it is impossible to determine therefrom whether the engineer and fireman actually saw that a collision was imminent, or merely should have seen the same in the exercise of ordinary care; and, further, that there are no averments showing or tending to show how or in what way they saw, or in the exercise of ordinary care could or should have seen, that a collision was imminent, in view of the averment that the automobile ran into the side of the train; that the averments to the effect that the defendant was negligent in that said engineer and fireman failed to slow down or stop said train when they knew, or in the exercise of ordinary care should have known, of the collision and of the peril to the plaintiff by reason of said automobile being jammed against the side of said box-car, is indefinite, equivocal, and contradicted by other averments of the petition, is stated in the alternative, and it is impossible to determine therefrom whether the intention of the pleader is to charge actual or implied knowledge of the collision and of the peril to the plaintiff, and, further, is in no way pertinent as it relates to matters after the automobile had run into the side of the train, and there are no averments in the petition showing or tending to show that any of the continued movement of the train had anything to do with the injuries suffered by the plaintiff. Under the allegations of the petition the failure of the engineer and fireman to keep a lookout ahead, and to slow down or stop the train, could not have caused the injury because they could not have seen the approaching automobile, or have been put on notice that one was approaching, or that a collision of an automobile with the engine was imminent.

■ Ground nine of the special demurrer should have been sustained. This ground is substantially as follows: that there are no averments showing or tending to show within what distance said train could reasonably have been stopped, and especially that there are no averments showing or tending to show that it could have been stopped in a less distance than two car-lengths; that the averment to the effect that the continued movement of the train and the dragging of the automobile continued and increased the damage and injuries to the plaintiff, is a mere conclusion of the pleader and is vague, indefinite, uncertain, and equivocal, in that it is not alleged how or in what respect or to what extent the damage and

injury to plaintiff was continued and/or increased thereby; and that said averments are contradictory to the fifth paragraph of the petition to the effect that the plaintiff received injuries when the automobile came in contact with the train. There are no allegations in the petition as to how the moving of the train for two car-lengths contributed to or increased the injury, and none to the effect that the train could have been stopped in less distance than two car-lengths.

■ There is no merit in any of the other assignments of error. *Judgment reversed. Stephens, P. J., and Sutton, J., concur.*