## ATLANTA RAILWAY & POWER COMPANY v. OWENS.

1. While attorneys at law have the same right and power over suits brought in behalf of their clients to enforce their lien for fees as their clients have, and such suits may be prosecuted for the benefit of the attorney having a lien, notwithstanding a settlement between the parties to the suit, made without the knowledge or consent of the attorney, still there can be no recovery in behalf of the attorney, unless the evidence is of such a character as would have authorized a recovery by the client if the suit were still proceeding for his benefit.

2. The evidence being of such a character that a recovery in behalf of the plaintiff would not have been authorized, a finding in favor of the attorneys who were prosecuting the suit to enforce their lien for fees was unauthorized, and the court erred in not granting a new trial.

Argued March 7, — Decided March 30, 1904.

Action for damages.    Before Judge Calhoun.    City court of Atlanta.    June 27, 1903.

*Rosser & Brandon, Walter T. Colquitt,* and *Bennett J. Conyers,* for plaintiff in error.

*Westmoreland Brothers* and *Waites & Howard,* contra.

COBB, J.    The plaintiff sued the street railway company for damages.    While the suit was pending the defendant paid to the plaintiff a sum of money in full satisfaction of her demand, and she signed a paper releasing the company from all liability to her. This settlement was made without the knowledge or consent of

53

her attorneys, and they are prosecuting the suit to enforce their lien for fees.    The law authorizes an attorney who has a lien upon the suit to prosecute it for the purpose of enforcing the payment of his fees.    Civil Code, § 2814, par. 2.    When the suit is so prosecuted, there can be no recovery for fees unless the evidence is of such a character as that a recovery in behalf of the client would have been authorized if the suit were still proceeding for his benefit.    The injuries to the plaintiff were the result of a collision between a carriage in which the plaintiff was being driven and one of the cars of the defendant company.    The collision occurred on the 2d day of September, 1901, about 7 o'clock in the evening, and at a point not at a street crossing.    The circumstances under which the collision occurred are best told in the language of the plaintiff herself, in the following extracts from her testimony. "I was coming back along Grant street.    The city lights had been lighted.    I was coming in from Grant Park down Grant street, and before I got to Glenn street I saw a large covered wagon ahead of me, so I could not pass.    Of course I had to turn, and I just drove diagonally across the track and after I got on the track I saw the car was coming so close, and I whipped my horse up, and before I got off the car struck me. . . The character of that covered wagon as to obstructing my view up the street in front of me was such that I could see the light of the car, but could not see the car itself.    I saw the light of the car before I drove upon the track.    I knew the car was coming, and saw the light."    "I saw the light of the car, coming down there and heard the car before I turned on the track.    Before I turned on the track I saw the light of the car, and heard it too.    I saw the light of the car and heard it before I turned on to the tracks.    I didn't know how close it was on me until I drove on the track.    I knew the car was coming, however.    I heard the car coming and saw the light of the car itself.    The car was lit up.    It had a headlight on it.    After I drove on the track everything happened so quickly I don't remember much what happened."    "When I first knew the car was coming I was between Glenn and Georgia avenue.    The car was beyond Glenn street.    What called my attention to it was I saw the reflection of the light.    I didn't see the car until I drove upon the track, not until I drove on the track.    I did see it then.    I didn't see it until I drove on the

track.   I didn't look for it before I drove on the track.   I couldn't see it at all, if I had.   The wagon obstructed the view.   After I got on the track the wagon was not in my way.   I drove diagonally across from behind the wagon.   I didn't see the car until I got on the track.   I heard the car, and I saw the reflection of the car. I attempted to cross the track, because I thought I had time to get across.   The car when I first saw it after I got on the track was beyond Glenn street.   I was at the corner of Glenn almost, I couldn't tell exactly.   I couldn't tell you how far from the crossing I was.   I was right at Mrs. Burns' house, that is all I can say.   It was not 50 feet though."   Q. "You say when you first saw this car it was beyond Glenn street?"   A. "Yes, sir."   Q. "Have you any idea when you first drove up there how far the car was from you?"   A. "No, sir; it was right on me; it ran up on me before I could get across."   Q. "When you went to drive across, have you any idea how far it was from you?"   A. "The only thing I know is, it was beyond Glenn street."   Q. "You say you heard this car coming?"   A. "Yes, sir."   Q. "Did you see the car?"   A. "I saw the reflection of the light up the car track."

An ordinance of the city prohibited the company from running its cars at the place where the collision occurred at a greater rate of speed than fifteen miles per hour, and there was evidence from which the jury could find that the car was being run at a greater rate of speed than the ordinance authorized.   In other words, there was evidence authorizing the jury to find that the company was negligent.   The question to be determined, therefore, is, whether the plaintiff, notwithstanding the defendant's negligence, has been guilty of such negligence as to preclude a recovery.   In determining this question, we must look to her testimony.   If a person testify in his own behalf, and there are material conflicts and contradictions in his testimony, he is not entitled to recover, if he be the plaintiff, unless that portion of his testimony which is least favorable to his contention is of such a character as to authorize a recovery in his behalf.   The rule just referred to was first laid down in the case of *Western & Atlantic R. Co.* v. *Evans,* 96 *Ga.* 481.   It was recognized and approved in *Freyermuth* v. *Railroad Co.,* 107 *Ga.* 32, and *Southern Bank* v. *Goette,* 108 *Ga.* 796 (2).   Applying this rule to the plaintiff's testimony, the

case presented shows that at the time she drove upon the track she knew the car was approaching, both from the noise and the light, though her view of the track was obstructed by the wagon. Under such circumstances, any prudent person would have taken some precaution to ascertain how near the car was from the point where the attempt to cross was to be made; and to attempt to cross under the circumstances indicated by the plaintiff's testimony, where she had full knowledge that the car was approaching and did not know how near or how far it was, or at what rate of speed it was running, was such an act of negligence on her part as would preclude a recovery by her. She should at least have taken the precaution to ascertain how near the car was, before attempting to cross the track, when she was on notice, both by the noise and the light of the car, that it was approaching. This seems to be a case where the plaintiff, knowing the danger, deliberately took the risk of being able to cross before the car could reach the point where she intended to cross, and made an error of judgment as to the time that would elapse before the crossing could be made or before the car could reach that point. Such an attempt, under such circumstances, was an act of gross negligence on her part, and evidenced such a lack of prudence as to entirely defeat a recovery by her. In her testimony she says, " I attempted to cross the track because I thought I had time to get across." And in another part of her testimony she says that she did not see the car until she drove upon the track. This case is very much like that of *Southern Railway Company* v. *Blake*, 101 *Ga.* 217, and is to be distinguished from the case of *Western & Atlantic Railroad Company* v. *Ferguson*, 113 *Ga.* 708, by reason of the fact that in the latter case the plaintiff took the precaution to look down the track before attempting to cross, and at the time he looked the train was not in sight, nor could it have reached the point where he desired to cross before he had time to cross if it had been run at a lawful rate of speed. The plaintiff having, in our opinion, failed to take such precautions for her safety as, under the circumstances, an ordinarily prudent person would have taken, she would not be entitled to recover, notwithstanding the car may have been run at an unlawful rate of speed at the time of the collision. As the plaintiff would not have been entitled to recover for her own benefit, the attorneys had nothing

upon which their lien could operate, and the court erred in not setting aside the verdict in favor of their lien.

*Judgment reversed.　All the Justices concur.*