## HARRIS *v.* SOUTHERN RAILWAY COMPANY.

1. General allegations that a plaintiff was injured by reason of the negligent conduct of a railroad company, or the like, unless accompanied by allegations of fact showing negligence, are subject to special demurrer.
2. Although the agents of a railroad company may be negligent in running its engine and cars at a high rate of speed over a public-road crossing and in approaching a station where the train is to stop, and in not keeping a lookout, yet if a person, with knowledge of the impending danger, steps on the track and seeks to cross immediately in front of the engine, and is injured, he can not recover.
3. Under the rule that pleadings are to be construed most strongly against the pleader, the case made by the petition was substantially as set out in the preceding note, and a demurrer to it was properly sustained.

Argued June 6,—Decided October 8, 1907.

Action for damages. Before Judge Felton. Crawford· superior court. October 24, 1906.

Z. T. Harris brought suit against the Southern Railway Company, alleging substantially as follows: On the ninth day of November, 1905, plaintiff was injured by an engine operated by the defendant company, "said injury being caused by the negligent running of the said engine, and being caused without any negligence· on the part of petitioner." The plaintiff had a contract to carry the United States mail from Roberta to Knoxville. He was also a hotel keeper at Roberta, and both of these occupations required his attendance at the depot of the defendant company upon the arrival of passenger-trains. On the day mentioned, in the performance of his duties he left the hotel to go to the depot of the defendant company, and in order to do so it was necessary to cross the railroad track at the depot. "As the plaintiff stepped upon the track, the engine of the northbound passenger-train struck the plaintiff," inflicting injuries upon him. The place where the engine struck him was a point on the track located almost at the depot, near the point where the trains always stop to receive passengers. A few yards south of this point there is a public crossing, which constitutes a part of the main thoroughfare of the town of Roberta, and is used constantly by the citizens. The train had to pass over the crossing before striking the plaintiff. The defendant was negligent in approaching the crossing at such a high rate of speed that it was impossible for the engineer operating it to stop the train within a sufficiently short distance to be safe for the public using the crossing. ꞌ If the engineer had approached the crossing at such a rate of speed as would have enabled him to control the train, as the law required, and as the safety of the public demanded, the plaintiff would have crossed the track in safety.

By amendment the plaintiff alleged as follows: It was well known to the defendant and its engineer that the plaintiff was in the habit of crossing at the point where he was struck. It was in an incorporated town, and at a place where people congregated and assembled at the time when this train was due to arrive. Plaintiff used ordinary care, and would have succeeded in crossing in safety but for the fact that the locomotive was running at an unusual and excessive rate of speed—at such a negligent rate of

speed as this plaintiff did not know of and could not necessarily have anticipated. At the time he stepped upon the track he was far enough ahead of the engine to have been seen by the engineer, and for the engineer to have checked his speed so as to have prevented the striking of the plaintiff and the injuries which were inflicted upon him. The negligence of the defendant and its engineer consisted in running the train at a negligent rate of speed at the place and under the circumstances named, and in not keeping a lookout at the time and place mentioned, "by which plaintiff could have been seen and the speed of the train checked so as to have avoided the striking of the plaintiff." The crossing is part of the street in an incorporated town, and all that part of the railroad from the crossing to the station, beyond the point where plaintiff was injured, is and has been for many years used as a thoroughfare by the public in approaching the station; and that part of the road between the street and the station is constantly used by the public, all of which was well known to the defendant. The point at which the train struck the plaintiff was twenty-five yards north of the public crossing and ten yards south of the depot. The train was going at such a rate of speed "at this point" as to be dangerous to passengers and to constitute negligence as to all persons whose business required that they cross the track of the defendant company at this point. Plaintiff was under contract with the United States government to deliver and receive the mails transported by the defendant. The railroad was also under contract with the United States government to transport the mails to and from the town of Roberta. By reason of this employment the plaintiff's presence was necessary at the depot of the defendant company upon the arrival and departure of its passenger-trains as alleged.

The defendant demurred to the declaration, both generally and specially. The demurrer was sustained, and the plaintiff excepted.

*A. C. Riley, L. L. Brown,* and *H. A. Mathews,* for plaintiff.

*Arthur Heyman* and *A. J. Danielly,* for defendant.

LUMPKIN, J. (After stating the facts.)

1. The special demurrer attacks almost every allegation in the petition. As we shall affirm the judgment sustaining the general demurrer, it will not be profitable to deal at length with the various grounds of the special demurrer. Some of them were well

taken, and some were not. The plaintiff in his petition must allege facts, not merely conclusions. General allegations that the defendant was negligent, or that the plaintiff was injured by the negligent conduct of the defendant, or the like, will not alone withstand a special demurrer. The pleader should state wherein the negligence consisted. He must plainly, fully, and distinctly set forth his cause of action. If he has done this, he is not required to enter into elaborate statements of minutiæ. If he sets forth the negligent conduct complained of, a subsequent reference to it as the negligence above stated, or "above enumerated," does not render the petition demurrable.

2. Ordinarily a person who is injured by a railway train is not required to allege, as a part of his case, that he was without fault or negligence. But if the facts alleged in his declaration show that he was wanting in ordinary care, the point may be raised by demurrer. It is a familiar rule that pleadings are to be construed most strongly against the pleader. In the light of this rule, how stands the plaintiff's case? He alleges that the defendant's train was running very rapidly in passing over the crossing and approaching the station close by; that there was negligence both in not having the engine under control, and in not keeping a lookout. But what does he show as to himself? He does not deny that he saw the engine approaching at a rapid rate of speed, or that he knew that the speed was not checked, or that there was no lookout kept. Indeed, so far as the petition shows, he is to be taken as having full knowledge of the dangerous position he assumed in going upon the track. He alleges that the engineer could have seen him; and it would seem that he could as easily have seen the engine. He says, generally that there was "*such* a negligent rate of speed" as he did not know of; but he does not say that he did not see the rapidly moving train. It does not appear how far distant the engine was when he undertook to cross, but apparently he stepped immediately in front of it, since he alleged that "as the plaintiff stepped upon the track, the engine of the northbound passenger-train struck the plaintiff." If it struck him as he stepped upon the track, he must have gone on the track very close in front of it. It was not stated whether the engine had already passed beyond the road crossing before he made his attempt to go in front of it. We have, therefore, pre-

sented to us a case where the plaintiff voluntarily went upon a railroad track immediately, or almost immediately, in front of a rapidly moving train, with knowledge of the danger, and miscalculated on his ability to cross the track before being struck. Such a declaration does not authorize a recovery. *Thomas* v. *Central Ry. Co.,* 121 *Ga.* 38 (48 S. E. 683) ; *Atlanta Railway Co.* v. *Owens,* 119 *Ga.* 833 (47 S. E. 213) ; *Ivy* v. *East Tenn. Ry. Co.* 88 *Ga.* 71 (13 S. E. 947).

Under the ruling above made, it is not necessary to discuss the effect of the law in regard to public crossings, in determining the question of the existence of negligence on the part of the railroad company relatively to persons who are near such crossings.

*Judgment affirmed. All the Justices concur.*