## COLUMBUS RAILROAD COMPANY *v.* BERRY.

The petition in this case sets out a cause of action, and the court did not err in overruling the demurrer thereto.

NOVEMBER 13, 1914.

Action for damages.  Before Judge Gilbert.  Muscogee superior court.  October 3, 1913.

J. L. Berry brought suit against the Columbus Railroad Company, and alleged in substance as follows:  The defendant injured and damaged him in the sum of $3,000, by reason of the running of its cars.  It operates its cars by electric current, and as a part of its system has two lines of track located in Broad street, between 8th and 9th streets.  Broad street, between 8th and 9th streets, has a park in the center of the street, about forty feet in width, extending from 8th to 9th street, and upon each side of the park are located driveways for buggies, wagons, and similar vehicles to pass along and upon the street, and one of defendant's lines of railroad tracks is located on the east side of the park, and the other on the west side of the park; the east track being used for cars going north and the west track for cars going south.  Midway between 8th and 9th streets there is a regular park crossing, which affords a driveway for buggies, wagons, and vehicles to pass from one side of Broad street to the other, and which is regularly used for that purpose, which park crossing crosses over both lines of railroad track located in Broad street.  On the 18th day of November, 1912, the plaintiff was driving a horse and buggy along and upon the west side of Broad street and in the west driveway located therein, and traveling north on the street; and as he approached the park crossing he drove in and upon it for the purpose of crossing over to the east side of Broad street and into the east driveway; and as he was crossing over defendant's line of railroad track located on the east side of the crossing, the buggy in which he was riding was negligently run against and upon by a car going northward upon the ·

line of track, and he was knocked from his buggy and injured, and his buggy and harness broken and damaged. These injuries were alleged to have been caused by the negligence of the defendant, its agents, servants, and employees in charge of the running and operation of the car. By amendment it was alleged that at the intersection of Broad and 8th streets the plaintiff looked south down Broad street to ascertain if any car was going north on the east line of track, at which point he could see down the track for a distance of 300 or 400 yards, that he saw no car approaching from the south on the east line of railroad track, and that he then proceeded north up Broad street, driving in a swift trot to the park crossing between 8th and 9th streets, a distance of about 90 yards from 8th street; and believing that no car traveling at the usual and ordinary rate of speed which cars travel on the track had sufficient time to reach the park crossing after he looked down the track at 8th street, and believing that there was no danger from a car approaching the park crossing on the east track from the south, he directed his attention to looking for cars that might be approaching the crossing from the north, and, either from the noise made by defendant's buggy on the pavement or the noiseless approach of the car from the south, he did not see or hear the car which was going north on the east line of track at the time he attempted to cross over it, and he had no knowledge of the fact that the car was approaching the crossing from the south on the east line of track, nor was he apprised of any danger of being struck by the car at the time of crossing or attempting to cross over the east line of track. Negligence was alleged, in that the motorman of the car was traveling at a very rapid, illegal, and dangerous rate of speed at the time the car struck the buggy and prior thereto, by reason of which he was unable to stop the car in time to avoid the collision with plaintiff's buggy. The motorman was not looking in the direction in which the car was going at the time the car struck the buggy, which happened at a public crossing, and by reason thereof failed to see plaintiff as he was crossing or was about to cross the railroad track, in time to check the speed of the car and avoid the collision with the buggy. The motorman saw that the plaintiff was crossing, or about to cross the track, and failed to give any warning of the approach of the car, by the ringing of the gong or otherwise, so that the plaintiff might have known of the approach of the car and have avoided being run over

and struck thereby.   The motorman saw that the plaintiff was not aware of the approach of the car and the danger of crossing, or attempting to cross the track, and made no effort whatever to stop the car in time to avoid the accident, which he could have done, before striking the buggy, by the use of ordinary care in applying the brakes and reversing or shutting off the electric current.   He failed to give plaintiff any notice or warning of the approach of the car, and made no effort to stop until it was too near the buggy to avoid striking it.   The motorman failed to use ordinary care and diligence at the time of the collision, and prior thereto, in not stopping or attempting to stop the car when plaintiff's danger of being struck thereby became known to the motorman, he knowing of plaintiff's peril in time to stop the car before it struck the buggy, and knowing that plaintiff was not aware of the approach of the car.

The defendant filed a general demurrer to the petition, averring that its allegations showed that the plaintiff did not exercise ordinary care to avoid the consequences to himself caused by the alleged acts of negligence of the defendant.   The demurrer was overruled, and the defendant excepted.

.   *Frank U. Garrard* and *A. S. Bradley,* for plaintiff in error.

*T. T. Miller,* contra.

HILL, J.   (After stating the foregoing facts.)   We can not say, as a matter of law, that the allegations of the petition, which are set out in substance in the foregoing statement of facts, did not state a cause of action.   If the allegations are true (and they must be so taken on demurrer), they present a case for the jury to determine whether or not the plaintiff, under the circumstances alleged, was so lacking in ordinary care as to preclude a recovery on his part. The cases cited by the plaintiff in error, and on which it relies for a reversal of the judgment of the court below (*Harris* v. *So. Ry. Co.,* 129 *Ga.* 388, 58 S. E. 873, *Thomas* v. *Central Ry. Co.,* 121 *Ga.* 38, 48 S. E. 683, and *Atlanta Ry. &c. Co.* v. *Owens,* 119 *Ga.* 833, 47 S. E. 213), are distinguishable from the present one.   In each of those cases the plaintiff had notice of the approach of the train, and took the risk of crossing the track ahead of the engine and cars. Two of them were cases of steam railroads, where a somewhat different rule applies.   See *Howard* v. *Savannah Electric Co.,* 140 *Ga.* 482. In the *Owens* case, supra, the plaintiff testified that she was coming up Grant street and saw a large covered wagon ahead of her, so she

could not pass. "Of course I had to turn, and I just drove diagonally across the track, and after I got on the track I saw the car was coming so close, and I whipped my horse up, and before I got off the car struck me. . . The character of the covered wagon as to obstructing my view up the street in front of me was such that I could see the light of the car, but could not see the car itself. I saw the light of the car before I drove upon the track. I knew the car was coming, and I saw the light." Judge Cobb, in delivering the opinion in that case, said: "This seems to be a case where the plaintiff, knowing the danger, deliberately took the risk of being able to cross before the car could reach the point where she intended to cross, and made an error of judgment as to the time that would elapse before the crossing could be made or before the car could reach that point. Such an attempt, under such circumstances, was an act of gross negligence on her part, and evidenced such a lack of prudence as to entirely defeat a recovery by her."

In the instant case the plaintiff alleged: "At the intersection of Broad and Eighth streets, plaintiff looked south down Broad street to ascertain if any car was going north on the east line of railroad track, at which point plaintiff could see down said track for a distance of 300 or 400 yards, and that he saw no car approaching from the south on said east line of railroad track, and plaintiff then proceeded north up Broad street, driving in a swift trot to the park crossing between said Eighth and Ninth streets a distance of about 90 yards from Eighth street, and believing that no car traveling at the usual and ordinary rate of speed which cars travel on said track had sufficient time to reach the park crossing aforesaid, after looking down said track at Eighth street as aforesaid, and believing that there was no danger from a car approaching said park crossing on said east track from the south, plaintiff directed his attention in looking for cars that might be approaching said crossing from the north, and either from the noise made by defendant's buggy on the pavement or the noiseless approach of said car from the south, he did not either see, hear, or observe said car which was going north on said east line of track at the time he attempted to cross over same, and plaintiff had no knowledge of the fact that said car was approaching said crossing from the south on said east line of track, nor was he apprized of any danger of being struck by said car at the time of crossing or attempting to cross over said east line of

railroad track." According to the allegations the plaintiff had no notice of the approach of defendant's cars, although he had looked in both directions to ascertain if they were approaching and saw none. It was alleged that the motorman saw the plaintiff before he was struck and could have avoided the injury. In short, the allegations of the petition charge the defendant with negligence; and it is for the jury to say whether, under all the facts averred (if they be proved on the trial), the plaintiff was guilty of such negligence as to amount to a want of ordinary care so as not to entitle him to recover. The court did not err in overruling the demurrer. See *Howard* v. *Savannah Electric Co.*, supra.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*