*Titus & Dekle,* for plaintiff.

*J. H. Merrill, Louis S. Moore, Bennet & Branch,* for defendant.

---

14132.   MOORE *v.* SEABOARD AIR-LINE RAILWAY CO.

BELL, J.  1. It is an elementary rule of construction, as applied to a pleading, that it is to be construed most strongly against the pleader; and that if an inference unfavorable to the right of a party claiming a right under such a pleading may be fairly drawn from the facts stated therein, such inference, on demurrer, will prevail in determining the rights of the parties. *Krueger* v. *McDougald,* 148 *Ga.* 429 (1) (96 S. E. 867).

2. There being no allegation to the contrary, it must be assumed that the decedent was a person of ordinary intelligence and that he was laboring under no physical defect or disability which rendered him incapable of appreciating his situation and of knowing the dangers incident thereto. *Thomas* v. *Georgia Granite Co.,* 140 *Ga.* 459 (1), 460 (79 S. E. 130).

3. If, when the defendant's negligence was discovered or when in the exercise of ordinary care it could have been discovered, the use by the decedent of his senses of sight and of hearing in an ordinarily diligent way could have prevented the casualty from occurring, the plaintiff cannot recover. *Georgia R. &c. Co.* v. *Williams,* 3 *Ga. App.* 272, 274 (59 S. E. 846).

4. It is an established rule of pleading that conclusions in conflict with the pleaded facts are to be disregarded (*Flynt* v. *Southern Railway Co.,* 7 *Ga. App.* 313 (1), 316, 66 S. E. 957), and general allegations that a person could not have avoided the consequences of another's negligence by the exercise of ordinary care after it was or should have been discovered must yield, on demurrer, to the particular facts shown where inferences from the facts are necessarily to be drawn contradictory of the conclusions. *Wood* v. *Pynetree Paper Co.,* 29 *Ga. App.* 81 (114 S. E. 83 (4) ).

5. The failure of the engineer to give the signals required by the statute when approaching a public crossing will not impose liability upon a railroad company to a person upon or near the railroad track who is

fully aware of the approach of the train. In such a case failure to give the statutory warning of the approach of the train can not be regarded as the proximate cause of an injury sustained by a person having knowledge of the approach of the train. *Central Railroad v. Brinson,* 70 *Ga.* 209; *Central of Ga. Ry. Co. v. McKey,* 13 *Ga. App.* 477 (3) (79 S. E. 378).

6. Every case of this character must stand largely upon its own facts, and questions of negligence are questions of fact, and therefore come within the peculiar province of the jury; but, nevertheless, where facts are considered on demurrer and any rational interpretation thereof requires the conclusion, as a matter of law, that there was a want of ordinary care on the part of the plaintiff, or, as here, the plaintiff's deceased husband, the demurrer should be sustained and the case ended without requiring the defendant to resist a possible recovery not authorized under the facts as alleged. *Southern Railway Co. v. Young,* 20 *Ga. App.* 362, 367 (93 S. E. 51); *Hill v. Louisville & Nashville R. Co.,* 124 *Ga.* 243 (2) (52 S. E. 651, 3 L. R. A. (N. S.) 432).

7. If it be true that a person standing near to a swiftly moving train is likely to be drawn in to the train by suction, the decedent should have taken notice of the possibility of the occurrence, with whatever notice he had of the speed of the train, as it would be the result of the operation of a primary physical law which would be consequently a matter of common knowledge. *Southern Railway Co. v. Young,* supra (p. 372); *Rome Ry. & Light Co. v. Keel,* 3 *Ga. App.* 769 (2 a) (60 S. E. 468). The decedent is likewise presumed to have known, when he went upon the track, of the alleged difficulty in estimating the speed of the train from a position immediately in front of it.

8. If the negligence of the defendant was existing at the time that the decedent was killed, and he, in the exercise of that degree of care and caution which an ordinarily prudent person would exercise under similar circumstances, could have discovered the defendant's negligence, and, when discovered, could, by the exercise of a like degree of care, have avoided the same, the plaintiff cannot recover. *Western & Atlantic R. Co. v. Ferguson,* 113 *Ga.* 708 (1), 712 (39 S. E. 306, 54 L. R. A. 802).

9. "If at the time of the injury an ordinarily prudent person, in the exercise of that degree of care and caution which such a person generally uses, would have reasonably apprehended that the defendant might be negligent at the time when and place where the injury occurred, and, so apprehending the probability of the existence of such negligence, could have taken steps to prevent the injury, then the person injured [or, as here, his widow] can not recover, if he failed to exercise that degree of care and caution usually exercised by an ordinarily prudent person to ascertain whether the negligence which might have been reasonably apprehended really existed. If there is anything present at the time and place of the injury which would cause an ordinarily prudent person to reasonably apprehend the probability, even if not the possibility, of danger to him in doing the act which he is about to perform, then he must take such steps as an ordinarily prudent person would take to ascertain whether such danger exists, as well as to avoid the consequences of the same after its existence is ascertained;

and if he fails to do this and is injured, he will not be allowed to recover, if by taking proper precautions he could have avoided the consequences of the negligence of the person inflicting the injury. A railroad track is a place of danger, and one who goes thereon is bound to know that he is going into a place where he is subject to the dangers incident to the operation of trains upon that track." *Kelley* v. *Hines,* 25 *Ga. App.* 186 (4) (102 S. E. 921); *Western & Atlantic R. Co.* v. *Ferguson,* supra.

10. The decedent, as a conscious human agent, was "bound to exercise ordinary care to avoid the consequences of the defendant's negligence, by remaining away, going away, or getting out of the way of a probable or known danger." *Kelley* v. *Hines,* supra.

11. Where one voluntarily goes upon the track of a railroad company at a public road crossing, in front of an approaching train, at a recognized flag station, for the purpose of flagging and boarding the train as a passenger, whose signals under the custom of the company would not have been heeded unless given from his position on the track, and, by reason of miscalculating the speed of the train because of being in front of it, although he has observed its approach for a distance of more than 400 yards, and though aware that his signals are ignored, remains upon the track continuing to give signals, until it is too late for him to escape from the track to a place of safety, with the result that the train, approaching at 50 miles per hour and without checking the speed, strikes and kills him, when a safe means of exit, if accepted in time, was accessible by way of the public road over which he came, the company is not liable, notwithstanding its servants may have been negligent in running the train at a high rate of speed at the time and place in question, in failing to respond to the signals, and in other ways violating its custom and duty with respect to stopping its train at the station for the purpose of receiving passengers on signal. Regardless of certain conclusions in the petition, it is clear from the allegations made that the decedent, by the exercise of ordinary care, could have avoided the consequences of the defendant's negligence after the negligence was or should have been known. The above-stated facts being shown in the declaration, the general demurrer thereto was properly sustained. See, in this connection, *Roach* v. *Atlanta &c. Ry. Co.,* 119 *Ga.* 98 (45 S. E. 963); *Atlanta Ry. & Power Co.* v. *Owens,* 119 *Ga.* 833 (2) (47 S. E. 213); *Thomas* v. *Central of Georgia Ry. Co.,* 121 *Ga.* 38 (48 S. E. 683); *Harris* v. *Southern Railway Co.,* 129 *Ga.* 388 (2) (58 S. E. 873); *Rome Railway & Light Co.* v. *Barna,* 16 *Ga. App.* 1 (2) (84 S. E. 209); *Southern Railway Co.* v. *Young,* supra.

> *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*
> DECIDED JUNE 25, 1923.

Action for damages; from Polk superior court — Judge Irwin November 18, 1922.

This was an action for the death of the plaintiff's husband, alleged to have been caused by the defendant's negligence in the

operation of a train. The petition alleged in substance: that on September 20, 1921, about 5:30 to 6 o'clock in the afternoon, the decedent went to a point on the defendant's railroad, long established and recognized by it as a flag station, at which its trains were accustomed to stop and receive passengers on signal, and that the decedent, on hearing the train approaching some 400 yards distant, placed himself at the accustomed place upon the track and signalled the train to stop, by waving his handkerchief and his arms, continuing until the employees in charge of the train either saw, or by the exercise of ordinary diligence could have seen, the signals so given; that the railroad-track upon which the train approached was practically straight for more than 400 yards, and there was nothing to prevent the signals from being observed, but that in utter disregard of them the train was run at the high and reckless rate of speed of 50 miles per hour to and by the station, striking and killing the decedent before he had time or opportunity to escape from the track to a place of safety; that the decedent was in a public road, crossed by the defendant's track, at the time the train approached, where both the public road and the track are situated on high and narrow fills with deep ditches on the sides. It was further alleged that it was an established custom, recognized by the defendant, for persons to stand upon the track while flagging a train, in order for their signals to be heeded, and to continue waving until the operatives gave notice by ringing the bell or blowing the whistle that the signal was recognized; that the decedent intended to become a passenger upon the train that killed him, and was able to pay and expected to pay his fare, no tickets being sold at the station; and he was thus at the station at the time under the express invitation of the defendant for that purpose; that, owing to his position immediately in front of the train, it was impossible for the decedent to calculate its rate of speed, and that he could not in the exercise of ordinary care have discovered that the train was approaching at the high rate of speed, in time to escape from the danger; that it was the duty of the defendant to respond to the decedent's signal in time for him to leave the track and escape the danger; that the failure of the defendant so to do left the decedent without means of knowing of the high and dangerous rate of speed, and he was suddenly and un-

expectedly deprived of all the warning and notice to which he was entitled under the custom adopted and recognized by the defendant for many years; and was unable, by the use of ordinary care and diligence after the discovery of the defendant's negligence, to escape its consequences, though he attempted to get off and away from the track as soon as its negligence was discovered; that while he succeeded in getting off the track and on to the narrow fill, the high rate of speed caused a draft or suction which pulled him to and against the train, with the result that he was killed; that the decedent was relying on the defendant to have its train approach in the usual and customary manner, and its failure so to do created an emergency which required that the decedent act quickly and unexpectedly; and that under the existing circumstances he was exercising all ordinary care and diligence to avoid the consequences of the defendant's negligence. The defendant was alleged to have been negligent in running the train at a reckless and dangerous speed, in failing to keep a lookout for persons at the station signalling and desiring to board the trains, in failing to check the speed on approaching the station, in failing to ring the bell or blow the whistle on approaching the public road crossing where the decedent was situated, and where at its station persons were to be anticipated, in not observing and answering the decedent's signal, in not observing the blow-post law approved August 19, 1918, in failing to anticipate the decedent's presence at the time and place in question, and in making no effort to stop the train. It was alleged that the defendant's negligence was the proximate cause of the decedent's death.

The court sustained a general demurrer, and the plaintiff excepted.

*Mundy & Watkins,* for plaintiff.

*Randolph & Parker, E. S. Ault, J. A. Wright,* for defendant.