14648.   SAVANNAH ELECTRIC & POWER COMPANY *v.* NANCE.

JENKINS, P. J.   1.   Since the averments contained in a petition must, for the purpose of determining a demurrer, be taken as true, except where an allegation sets forth a physical impossibility or a statement which is inherently incredible, and since, except in plain and indisputable cases, it is for the jury to say whether an allegation is or is not inherently incredible, this court is unable to say, as a matter of law, that the plaintiff must have been aware of the approach of the street-car until just prior to the time when he was struck, as alleged in the petition; and since questions as to diligence and negligence, including contributory negligence, and what constitutes the proximate cause of the injury complained of, are questions peculiarly for the jury, such as this court will decline to solve on demurrer except where such questions appear palpably clear, the court did not err in refusing to strike the plaintiff's petition on general demurrer.   *Howard* v. *Savannah Electric Co.,* 140 *Ga.* 482 (*a, b*), 486 (79 S. E. 112); *Columbus R. Co.* v. *Berry,* 142 *Ga.* 670, 673 (83 S. E. 509); *Larkin* v. *Andrews,* 27 *Ga. App.* 685 (109 S. E. 518); *Columbus R. Co.* v. *Moore,* 29 *Ga. App.* 79 (113 S. E. 820); *Rome Ry. & Lt. Co.* v. *King,* 30 *Ga. App.* 231 (2) (117 S. E. 464).

2.   Such of the grounds of special demurrer as were meritorious were cured by the paragraphs added to the petition by amendment.

*Judgment affirmed.   Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 23, 1924.

Action for damages; from city court of Savannah—Judge Freeman.   May 8, 1923.

The action was for damages on account of personal injuries alleged to have been received from a street-car of the defendant company, which struck the plaintiff.   The petition alleges, in substance, that about 9:30 o'clock on a certain dark night, the plaintiff was walking westward on the "Augusta Road" in Chatham county, on an unlighted grass plot used as a roadway, extending "about one foot and a half outwardly from the rails of the said street-car track, and about one half a foot beyond the end of the cross-ties, and plaintiff at the time of the occurrence was walking on the edge of the grass plot, between six inches and one foot from the edge of the cross-ties," where he had a right to be, and that by

reason of the darkness and the lack of any light upon the car, he was unable to see a car of the defendant, which was coming in an easterly direction, not making any noise or giving any signal of approach, and traveling at an excessive rate of speed, of more than 25 miles an hour, and that the car struck him and caused the injuries complained of; that "the said car was only three or four feet from petitioner when petitioner saw said car, and the said car struck him before he could get out of the way of said car;" that he did not see or hear the car; that "the defectiveness of said lighting apparatus was such as caused the lights on said car to go out, and such defective condition of said lights and the result thereof were known to the motorman and conductor operating said car;" that "by reason of the darkness and the probability of people walking on said cross-ties, as was the custom, which custom was known to said defendant and to its said employees, and by reason of the said car being dark, the said rate of speed was unreasonable and negligent." It is also alleged that the brakes on the car were out of order, "so as to prevent the said car from being stopped quickly when necessary;" that the motorman failed to keep a lookout and guard against the approach of pedestrians "on the path used by pedestrians near to and adjacent to said track;" and that "by reason of said defects in said car, and of the use of said path by pedestrians, it was the duty of those operating said car to ring the bell or give other signals that would warn the approaching pedestrians of said car which could not be observed by reason of the darkness."

*Lawrence & Abrahams,* for plaintiff in error.

*McIntire, Walsh & Bernstein,* contra.