### 22936.   FULLER *v.* LOUIS STEYERMAN & SONS INC.

DECIDED MAY 13, 1933.

*P. C. Andrews, H. H. Merry,* for plaintiff.

*Hay & Gainey,* for defendant.

GUERRY, J. Mrs. Annie L. Fuller sued Louis Steyerman and Sons Inc. in the city court of Thomasville, for injuries alleged to have been inflicted on her while a customer in their store. The material allegations of the petition necessary to a decision of this case are as follows: "that the defendant is the lessee and occupant of a certain store, in the City of Thomasville; that defendant is engaged in the retail mercantile business in said building, selling goods to the general public on both the first and second floors of said building; that, as such, the defendant invited the public to enter all parts of the store for the purpose of carrying on said mercantile business; that in such building there is a stairway from the first to the second floor of said building, constructed for the use of the general public and used by the general public in passing to and from the sales rooms on the second floor; that the said stairway is defectively and improperly constructed, and its arrangement and construction are defective and wrong, and on account of being so arranged and constructed it constitutes a danger and menace to the public and to the invitees, including plaintiff, in said building, in that: (*a*) The balustrade flares outward from the steps before it reaches the bottom step, and in this way causes the false mental impression to one descending the stairway that the bottom step is reached before it is actually reached and thus causes such person to make a false step and fall. (*b*) The balustrade begins to so flare out at the third step from the bottom, and curves outward at each end of the steps, a distance of 6-1/2 inches, and comes to an end with a Newell post on the step above the floor, causing the false mental impression to one descending the steps that the floor has been reached before it has actually been reached and thus causing such person to make a false step and fall. (*c*) The bottom step of the stairway is painted white, and is 13 inches longer than the other steps, while the other steps are of a dark color, and this step being made a different color causes the false mental impression to one descending the stairway that the floor has been reached before it has actually been reached, and thus causes such person to make a false step and fall. (*d*) The steps of said stairway are not of uniform

height, but vary in height as shown on diagram thereof hereto attached as exhibit A and made part hereof. (e) The faulty points of construction of said stairway as set out in subparagraphs (a), (b), (c) and (d), taken singly or in combination with each other, mislead a person descending said stairway, and cause such person to make a false step and fall; and said faulty and improper construction causes a person descending said stairway to step out too far and over the edge of the tread of the steps, and thus to lose balance and fall. (f) The treads of the stairway, being — inches wide, are too narrow for the height between the treads; especially is this true with reference to the three bottom steps where, on account of the flaring balustrade, the impression is made that the ground floor has been reached before it is actually reached, and this causes a person descending the stairway to make a false step and fall. (g) The size and arrangements of the steps and the balustrade are unscientific, mechanically wrong, misleading to the human vision, misleading to the human sense of touch, and constitute a menace and danger to the public entering said building and using said stairway, all of which is shown as hereinbefore set out; that the defendants had actual knowledge of the defective condition of the steps; that they had ample opportunity to remedy the same, but failed and refused to do so, and did not caution or warn the plaintiff of said condition of said stairway, or of her danger; and did not make any effort to inform petitioner of her danger or regarding said stairway by personally calling the same to her attention, or by posting notices conspicuously to warn petitioner, or by otherwise giving her warning or notice, and the defendant, by its negligent omission to remedy said defects and to warn and caution plaintiff in regard thereto, was the proximate cause of the plaintiff's injury; that actual knowledge was given to the defendant of the defective condition of the steps, in that various people whose names are unknown to petitioner at this time, fell down said stairway by reason of the condition thereof above mentioned; these falls of customers down said stairway occurred repeatedly from time to time in the presence of said officers before the date of the injury herein alleged; that on the — day of September, 1931, petitioner entered said store of defendant as a customer and for the purpose of purchasing certain goods of the defendant, and for this purpose petitioner went up said stairway to the second floor, where she negotiated certain

purchases; that on returning down said stairway to the first floor, in company with one of the salesmen of defendant, petitioner, without any fault on her part, suffered a violent and dangerous fall near the bottom of said stairway, crumpling on the floor at the bottom of the stairway; that said fall and the resulting injury were due to the defective and wrong construction of said stairway hereinbefore set out, and to the unsafe condition and arrangement of the said stairway, balustrade, and steps; that at the time of said fall petitioner had no knowledge of the unsafe condition of said stairway, and was descending the same in a leisurely and normal way; that by reason of said fall petitioner sustained named injuries and damages."

In *Mandeville Mills* v. *Dale*, 2 *Ga. App.* 607 (58 S. E. 1060), Powell, J., speaking for the court, said: "The liability of the owner or proprietor of premises for injuries received by persons while present upon such premises may be viewed in four aspects: (1) where the person injured is there as a trespasser; (2) where he is there as a licensee; (3) where he is there by invitation of the owner or proprietor; (4) where he is there under some other special relation." In Stanwood *v.* Lancy, 106 Me. 72 (75 Atl. 293, 26 L. R. A. (N. S.) 1213), it was said: "When the owner of a building fits it up for business uses, he impliedly invites all persons to come there whose coming is naturally incident to the business carried on there by himself or by his tenants." In *Jones* v. *Asa G. Candler Inc.,* 22 *Ga. App.* 717 (97 S. E. 112), it was said in discussing the case of *Archer* v. *Blalock,* 97 *Ga.* 719 (25 S. E. 391), "The plaintiff, according to the allegations of the petition, entered the store for the purpose of trading, and of course was there on the implied invitation of the tenant and on business with the tenant and in which the tenant was interested, and therefore was not a licensee." We observe, from the above citation of authorities, that the plaintiff in this case (the person injured) occupied the relation of invitee to the defendant. Section 4420 of the Civil Code (1910) reads as follows: "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such person for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe." Quoting Bell, J., in the case of *Fulton Ice & Coal Co.* v. *Pece,* 29 *Ga. App.* 507

(116 S. E. 57): "This section places upon such owner or occupier of land the duty to exercise ordinary care, for the safety of his invitees, in discovering defects and dangers in the premises or instrumentalities thereon, and imposes a liability for injuries resulting from such defects as a reasonable inspection would disclose. Such owner or occupier of land is liable for a failure to warn his invitees of dangers or defects in such premises or instrumentalities, of which he knew or of which it was his duty to know in the exercise of ordinary care." In *Mandeville Mills* v. *Dale,* supra, Powell, J., said (speaking with reference to invitees): "In this class of cases wilfulness or wantonness is not necessary to the existence of liability, but merely ordinary neglect, either through act of omission or of commission." In *Rogers* v. *Sears, Roebuck & Co.,* 45 *Ga. App.* 772 (2) (156 S. E. 64), a case similar to the one at bar, it was said: "Where the petition alleged that the plaintiff went upon the defendant's premises as an invitee, for the purpose of purchasing merchandise in the defendant's store, and while passing over a board walk that 'consisted of a number of wooden planks laid together side by side and end to end,' which had been constructed by the defendant 'for the use and accommodation of its customers,' the plaintiff stepped upon a board that was projecting above the surface, and fell and injured herself, that she 'was not aware of this condition until she had reached said board and had fallen,' that the defendant 'had actual notice of the dangerous condition' of the board, but failed to give her a safe place on which to walk, that the defendant's conduct in this respect was negligence which caused described physical injuries to the plaintiff . . , to her damage in a specified sum of money, the petition set out a cause of action and was good as against the general demurrer, and also the special demurrer upon the ground that the petition failed to set out acts constituting negligence . . Civil Code (1910), § 4420; *Wynne* v. *Southern Bell Tel. Co.,* 159 *Ga.* 623 (126 S. E. 388)." It is true that in the case above quoted from, there was an allegation of ownership of the building and the construction of the defective walk, but, as will be seen later in this opinion, this would make no difference as to the liability of the defendant in the case sub judice. We think, therefore, under the above authorities, that the allegation as to the failure to warn the petitioner of the defective steps, of which the defendant had notice, was good as against demurrer.

The defendant further contends, by demurrer, that no facts are set forth to show any liability on the part of the defendant, as lessee of the building, for the alleged defective construction of the steps. The petition alleged that the building was constructed by L. Steyerman for the purpose of renting the same to the defendant, and it is to be inferred therefrom that the steps, if defective, were defective at the time of the lease. Where the landlord has fully parted with the possession of the premises, he owes no duty to inspect the premises and make repairs until he has notice of the defective condition. *Ross* v. *Jackson,* 123 *Ga.* 657 (51 S. E. 578); *Ocean Steamship Co.* v. *Hamilton,* 112 *Ga.* 901 (38 S. E. 204); but he is responsible to others for damages arising from defective construction, or for damages for failure to keep the premises in repair. Civil Code (1910), § 3694. In the case of defective construction notice to the landlord is conclusively presumed. Of course to hold the landlord liable for defective construction without actual notice it must be shown that it was constructed by him or under his direction. *Marr* v. *Dieter,* 27 *Ga. App.* 711; *Monahan* v. *National Realty Co.,* 4 *Ga. App.* 680 (52 S. E. 127). Although, from the above authorities, the landlord might be held liable for the injuries so sustained, it does not preclude liability on the part of the lessee. It will be observed that the General Assembly (Civil Code (1910), § 4420), in defining the duty owed to an invitee, used the words "owner" or "occupier," and made them liable for failure to exercise ordinary care in keeping the premises and approaches safe. It is the duty of the occupier of premises to keep and maintain his premises in a safe condition for those whom he invites thereon. In the case of Hill Grocery Co. *v.* Hameker, 18 Ala. App. 84 (89 So. 850), Bricken, P. J., delivering the opinion of the court, said: "The demurrers to pleas 4, 5, 6, and 7 were properly sustained. These pleas attempted to set up the defense that the defendant was the lessee of the storehouse, and that the depression in the floor was a fixture in the storehouse, which under the terms of its lease this defendant could not remove. These pleas further attempt to justify the defendant, because the owner of the building would be liable to the person injured. It is true that the owner of a building which is defectively constructed would be liable to a person injured, still that would not exempt a person who conducts a business in said building. It may be stated as a general proposition of

law that when a merchant opens his store for business he invites the public into his store, and the duty devolves upon him to furnish to the public a reasonably safe place in which to be while they are in his place of business, whether he owns the building or rents it. If there is a defect in the floor, it would be a monstrous proposition to hold that the merchant could invite the public into the place, and, when injury is suffered, shield himself behind his lease. It is his duty to provide a reasonably safe place. If the floor or other part of the building is defective, he should guard the public against injury by such defect." We therefore think the allegation as to the failure and refusal of the defendant to remedy the defect after they had notice of the same, and for failure to give her a safe place to walk from the second to the first floor, is good as against the demurrer.

■ In the 10th paragraph of the defendant's demurrer it is said that "It is not alleged that plaintiff herself did not actually know, or could not by the exercise of due care have known, the exact nature and alleged form of the alleged construction prior to and at the time of her alleged injury, and . . it does not appear that plaintiff exercised due care for her own safety, or that she could not have avoided her alleged injuries by the exercise of such care." These are purely matters of defense and it is not incumbent upon the plaintiff to negative any negligence on her part. In *Woolworth Co.* v. *Wood,* 32 *Ga. App.* 575 (124 S. E. 110), which was an action similar to the one here, it was said: "In an action for damages for the alleged negligence of the defendant in a case of this character, it is not necessary for the plaintiff to negative any negligence or want of care on her part. This is a matter of defense, and in such a case the petition in this respect will be good unless from the averments made it affirmatively appears that the injuries were the result of the plaintiff's own negligence or failure to exercise ordinary care. *Marlin* v. *McAfee,* 31 *Ga. App.* 690 (2) (122 S. E. 71)." Our courts have many times held that questions as to diligence and negligence, including contributory negligence, and what negligence constitutes the proximate cause of the injury complained of, are questions peculiarly for the jury, such as this court will decline to solve on demurrer except in palpably clear, plain and indisputable cases. *Southern Ry. Co.* v. *Slaton,* 41 *Ga. App.* 759 (154 S. E. 718); *Savannah Electric & Power Co.* v.

*Moore,* 29 *Ga. App.* 79 (113 S. E. 820) ; *Rome Ry. & Light Co.* v. *Nance,* 31 *Ga. App.* 632 (121 S. E. 690) ; *Columbus R. Co.* v. *Berry,* 142 *Ga.* 670 (83 S. E. 509) ; *Larkin* v. *Andrews,* 27 *Ga. App.* 685 (109 S. E. 518) ; *Columbus R. Co.* v. *Moore,* 29 *Ga. App.* 79 (113 S. E. 820) ; *Rome Ry. & Light Co.* v. *King,* 30 *Ga. App.* 231 (117 S. E. 464) ; *Wynne* v. *Southern Bell Tel. Co.,* supra. The allegations made in the petition are not so plain that this court can say as a matter of law that no acts of negligence were set out against the defendant or that the plaintiff was so negligent or lacking in ordinary care as to prevent a recovery. It will be entirely a question for the jury whether or not the steps on which the injury occurred, and which are alleged to be defective, presented the optical illusion to a person descending the same (the plaintiff in this case) that the bottom step had been reached before it was actually reached, and that a person descending such steps might, while in the exercise of ordinary care, believe that the last step had been reached before it was actually reached, thus causing such person to make a false step and fall. See, in this connection, *Williamson* v. *Southern Ry. Co.,* 42 *Ga. App.* 9 (155 S. E. 113). We think that the petition as a whole set forth a cause of action against the defendant, and that the judge erred in sustaining the demurrers and in dismissing the case.

*Judgment reversed. Broyles, C. J., concurs. MacIntyre, J., disqualified.*