24442. TŸBEE AMUSEMENT COMPANY *v.* ODUM.

DECIDED MARCH 8, 1935.

*Ernest J. Haar,* for plaintiff in error. *Oliver & Oliver,* contra.

GUERRY, J. Mrs. Annie Odum brought her action against the Tybee Amusement Company, alleging substantially the following case: She went, as a paid customer, to attend a public dance given at the Tybrisa Pavilion, which was being operated by the defendant company. The floor of the pavilion, while large and commodious, is defective and dangerous, both in original construction and in maintenance and operation. Along the north side of the building there is a flooring about twenty feet wide. South of this portion of the floor, and about twenty feet from the north edge of the pavilion, the floor for dancing and seating the public is elevated six or eight inches above the remainder of the floor. The dance floor proper is surrounded by a line of iron piping, three or four feet from the floor, in which are entrances through which the public enters the dance floor. The lighting of the pavilion is such that during the music and dancing, lights may be controlled and dimmed, or various colored lights may be thrown upon the dancers. If the floor level of the pavilion were the same throughout, the lighting arrangements might be sufficient to enable any person to walk without injury. But because the floor containing the seating accommodations and the dance floor is elevated above the remainder of the flooring, the lighting is defective and inadequate, and especially so when the lights are dimmed or extinguished, there being no floor lights, nor any other arrangement to light, or to indicate, this difference in floor level. Such lighting is necessary to the safety of the public when the lights of the pavilion are dimmed or changed. Plaintiff went to this place as a paid patron of the defendant and obtained seats. She remained until about eleven-thirty at night, when she started to leave. At this time the lights were dimmed and the pavilion floor was in almost complete darkness. It is alleged that because of the failure of the defendant to provide any lights to indicate the difference of floor levels and show the edge of the elevated floor, she stepped off the elevated floor while walking towards the exit and sustained the injuries set forth, including a fractured femur. ·

The defendant, under the allegations above set forth, was under the duty to keep and maintain his premises in a reasonably safe

condition so that its customers would not be injured. *Fuller* v. *Steyerman Inc.*, 46 *Ga. App.* 830 (169 S. E. 508), and cit. It is insisted by the plaintiff in error that the allegations of this petition make it affirmatively appear that the plaintiff, by the exercise of ordinary care, could have avoided the consequences of the alleged negligence on the part of the defendant, and that she can not recover. The case of *Hendricks* v. *Jones*, 28 *Ga. App.* 335 (111 S. E. 81), is relied on as authority for this position. It will be noted that in that case the injury occurred upon a stairway that was alleged to be in good condition and not defective, and that the injury happened because a perfectly safe stairway was used while it was darkened. The plaintiff in that case was using and intended to use a stairway, and when he attempted so to do while it was dark he assumed whatever risk was attendant thereon. In the present case there is alleged to have been a defectively constructed floor with different levels, without any warning to the plaintiff of such construction or any sufficient lighting so that she might in the exercise of ordinary care have avoided the danger. In the *Hendricks* case the plaintiff was attempting to use the very instrumentality that caused the injury when she was fully aware of its darkened condition, which constituted the alleged negligence of the defendant in that case. It is apparent that the negligence alleged in the present case, construing the allegation most strongly against the pleader, does not make such a condition. Under such conditions or allegations it is not error for the trial court to refuse to solve on demurrer what constitutes diligence or negligence. *Southern Ry. Co.* v. *Slaton*, 41 *Ga. App.* 759 (154 S. E. 718); *Columbus R. Co.* v. *Moore*, 29 *Ga. App.* 79 (113 S. E. 820); *Savannah Electric & Power Co.* v. *Nance*, 31 *Ga. App.* 632 (121 S. E. 690); *Columbus Ry. Co.* v. *Berry*, 142 *Ga.* 670 (83 S. E. 509); *Larkin* v. *Andrews*, 27 *Ga. App.* 685 (109 S. E. 518); *Woolworth Co.* v. *Wood*, 32 *Ga. App.* 575 (124 S. E. 110); *Martin* v. *McAfee*, 31 *Ga. App.* 690 (122 S. E. 71). The court therefore properly overruled the general demurrer. Nor did the court err in overruling the special grounds of demurrer.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*