28241. LUMPKIN *v.* WESTERN & ATLANTIC RAILROAD.

DECIDED MAY 16, 1940.

*W. E. & W. G. Mann,* for plaintiff.

*W. M. Henderson, D. W. Mitchell, Walton Whitwell,* for defendant.

GUERRY, J. Exceptions are taken to the sustaining of general and special demurrers to the petition, which alleged that the plaintiff was a section hand in the employment of the defendant, and that while engaged with his coemployee in an effort to move a "dump-car" from the tracks he sustained injuries when they suddenly, and without warning, dropped the dump-car on him. By amendment he alleged, that the defendant was engaged in interstate commerce, that the dump-car was used in working on the roadbed of the defendant, that it was a defective car "in that it was insecurely on the axles of its wheels and unbalanced by having a protruding timber or top of wood and the socket of the body on which the axles fit were loose and not fitted," and that the plaintiff had no opportunity to inspect the car and was under no duty to inspect it. The defendant demurred on the ground that it appeared from the allegations that the dangers complained of were assumed risks of the employment, and because such defects were open and obvious, and the defect of the protruding timber was an obvious defect.

We think the demurrers were properly sustained. The petition originally complained of alleged negligence of the coemployees, but failed to set out any facts, when specially demurred to, which would be sufficient to show any negligence on their part. The mere allegation that they negligently dropped the dump-car on him without warning, unless accompanied by allegations of facts showing negligence, was subject to special demurrer. The demurrer raising this objection was not met by the amendment, and was properly sustained. *Harris* v. *Southern Railway Co.*, 129 *Ga.* 388 (58 S. E. 873); *Carter* v. *Powell*, 57 *Ga. App.* 360, 372 (195 S. E. 466), and cit. The allegation that the dump-car was unbalanced by a protruding timber on top of the wood was a statement as to an obvious defect; and if it was intended to allege this defect as a cause of the injury, it would appear that the plaintiff had knowledge of it. The petition failed to allege how such unbalanced timber, or the insecurity of the axles of the dump-car, contributed to the injury. The failure of the petition to give any information as to what the plaintiff was doing at the time, or what act caused the coemployees to drop the dump-car, or to show that it was not a risk incident to the employment, subjected the petition to the demurrers. In *Flippin* v. *Central of Georgia Railway Co.*, 35 *Ga. App.*

243 (132 S. E. 918), it was said that where a railroad employee sues the employer for personal injuries, the burden is on the employee to show not only negligence on the part of the master but due care on his own part; and it must appear that the plaintiff did not know, and had not had equal means of knowing, all that which is charged as negligence, and that by the use of ordinary care he could not have known thereof. The mere general allegations of negligence in this petition failed to state any specific facts on which such conclusion might be based. No causal relation between the alleged defect in the dump-car and the injury occasioned is shown, nor are any facts alleged which would show that the plaintiff was in the exercise of ordinary care at the time he was injured. The court did not err in sustaining the demurrers.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*