34127. ANTHONY *v.* PALMER.

Decided September 13, 1952.

718

*Robert T. Efurd, Calhoun A. Long Jr., Alford Wall,* for plaintiff in error.

*Gambrell, Harlan, Barwick, Russell & Smith, Robert R. Richardson,* contra.

WORRILL, J. (After stating the foregoing facts.) 1. In his brief, counsel for the defendant contends that there is no evidence to support the verdict because the evidence shows that the proximate cause of the injury to the plaintiff was not the negligence of the defendant. To support this contention counsel quotes the following testimony of the plaintiff: "As I approached by this Drive-In Theatre I noticed these cars parked here. They were over on Mr. Anthony's side. Apparently they had come from Atlanta. As far as the exact position and how they were turned in there, of course I would think it is humanly impossible to describe that in just passing. But my impression would be that the cars were coming from Atlanta and were making a right-hand turn into the Drive-In. I didn't draw this sketch on the blackboard myself. That was just a representative group of cars as being parked there and the number of cars, I couldn't tell you, either. This lane that Mr. Anthony was supposed to travel on, going to Hapeville, going away from Atlanta, was entirely blocked. I am quite sure it was. I couldn't say whether those automobiles had their lights on or had them cut off, going in that Drive-In Theatre. I couldn't say for sure, because they were one behind the other, and this highway that Mr. Anthony was in was blocked. You asked me: 'Isn't the cause, the real cause of this accident, or this wreck, was due to the fact that these cars were parked, their lights were cut off, and when Mr. Anthony applied his brakes he skidded over into your lane? Isn't that what really happened?' Yes; that's what really happened—." The record disclosed that the quotation was ended in the middle of a sentence. The rest of the testimony is as follows: ". . and may I clarify my point there? I have always felt that there is no question as to what side of the highway was blocked over there and which maybe was the fault of the—of somebody else, but I have always felt where Mr. Anthony, if he had been coming at a moderate rate of speed, that he would not have skidded all the way across there in the path of my car, and then wrapped me around, and then proceeded over here to this area." On direct examination the plaintiff testified substantially as follows: He was traveling north on Stewart Avenue at a speed of approximately 25 or 30 miles an hour. Coming down the inside lane, approaching the Drive-In

Theatre, he noticed a number of cars waiting to enter the theatre and, as a precautionary measure, sensing the possibility of somebody in the line not going into the theatre and suddenly turning out and coming around, he began to swing gradually away. He noticed the headlights of a car coming up the hill traveling rather rapidly and then lost sight of it momentarily behind the cars. As he began to swing over, the car appeared broadside and skidding, apparently out of control and hit his car. On cross-examination, the defendant testified as follows: "When I first saw these cars I stated that I was four automobile lengths from them, approximately. I don't know how long an automobile is. I was just judging distance. I would say I was from here to about the wall, there; approximately the wall. I think that is about 75 feet. You asked me if my lights illuminated those cars when I was that distance from them; about 75 feet. That's when I first noticed them; yes. I applied my brakes immediately. My car remained under control until I got right on the cars and that's when it skidded to the left. I had control as far as being able to handle it, except the skidding. No one can handle a skidding car. You asked me: "You didn't have control of the car, then, did you Mr. Anthony? That's all I want to know.' I wouldn't say I did. The car was skidding broadside. It is my testimony there were no lights on these cars whatsoever; unless the taillights were burning for the brakes on the other side, which I couldn't see. There was no parking lights whatsoever on them and no headlights." Since questions of negligence, diligence, and proximate cause are issues of fact to be decided by a jury except in clear and indisputable cases (*Tybee Amusement Co.* v. *Odum,* 51 *Ga. App.* 1 (3), 179 S. E. 415), the contention of counsel for the defendant is without merit. The evidence quoted is sufficient to authorize the finding of the jury. "This court, by the constitutional amendment creating it, is limited in jurisdiction to the correction of errors of law alone, and therefore has no power to grant a new trial on the ground that the verdict is strongly contrary to the weight of the evidence, if there is any evidence at all to support it." *Edge* v. *Thomas,* 9 *Ga. App.* 559 (71 S. E. 875).

■ The trial court did not err, as contended by the defendant, in striking evidence relating to the fact that the plaintiff carried

collision insurance and had been partially compensated for the damage to his automobile. In eliciting this testimony counsel for the defendant stated that he was attempting to prove that the cause of action had been assigned by the plaintiff. No evidence of an assignment was brought out, so the court properly struck the testimony as being irrelevant and immaterial.

■ The court did not err in overruling the petition for certiorari.

*Judgment affirmed. Sutton, C.J., and Felton, J., concur.*